HENRY M. ROE, Appellant, v. THE TOWN MUTUAL FIRE INSURANCE COMPANY of the Seventh Congressional District of Missouri, Respondent.

### Kansas City Court of Appeals, February 6, 1899,

1. **Insurance**: INCUMBRANCE: CONTRACT: NOTICE.  A contract set out in the opinion is held a mortgage between the parties thereto and within the stipulation of an insurance policy against mortgages, and avoids the policy.

2 **Contracts**: DELIVERY: AGENCY TO FILL BLANKS: DESCRIPTION.  The delivery of an instrument with blanks creates an agency in the receiver to fill the blanks in the way contemplated by the maker; and this principle is applicable to the blanks for a description in a contract which constitutes a mortgage between the parties.

*Appeal from the Pettis Circuit Court.*—HON. G. F. LONGAN. Judge.

AFFIRMED.

J. T. MONTGOMERY for appellant.

(1)    The case should have gone to the jury; where the evidence is conflicting, the question is one for the jury. Smith v. Railway, 119 Mo. 246; Franke v. St. Louis, 110 Mo. 516.    (2)    The credibility of witnesses and the weight of testimony are always matters exclusively for the jury.    Railway v. Dawley, 50 Mo. App. 480; Lee v. Knapp, 55 Mo. App. 390.

Roe v. Ins. Co.

BARNETT & BARNETT for respondent.

(1) The instrument given by plaintiff to Daniels constituted a mortgage on the insured goods. (2) The leaving of a blank in a written contract and its delivery with such blank creates an agency in the receiver to fill the blank in the way contemplated by the maker. Loan & Trust Co. v. Brown, 59 Mo. App. 461; Greene Co. v. Wilhite, 29 Mo. App. 459; Field v. Stagg, 52 Mo. 536; Mackey v. Basil, 50 Mo. App. 190; 2 Am. and Eng. Ency. of Law [2 Ed.], pp. 253, 255.

GILL, J.—This is a suit on an insurance policy covering certain household goods belonging to the plaintiff. The policy was taken out on the thirtieth day of January, 1897, and the property was destroyed by fire on the morning of February fourth thereafter. Defendant admits the loss and proper proofs thereof, but denies liability because in the application for the policy (which by agreement was made a part thereof) plaintiff stated and warranted that the goods insured were not incumbered, whereas there was STATEMENT. at the time a chattel mortgage thereon. At the close of the evidence, the court sustained a demurrer thereto; and from a verdict and judgment against him, plaintiff has appealed.

The facts necessary to be stated are as follows: A few weeks before the policy was applied for, plaintiff Roe purchased the goods in question from a dealer in Sedalia, paying a small amount, and agreeing to pay the balance in future instalments. At the time Roe executed and delivered to the merchant a writing of the following tenor and effect:

"$125.00.                    Sedalia, Mo., 12-19, 1896.

"For value received, I, H. M. Roe, residing at 602 West 7th St., Sedalia, Pettis county, Missouri, do hereby sell and convey to C. W. Daniels the personal property described on

the back hereof, upon condition that I shall pay to the said C. W. Daniels the sum of one hundred and twenty-five dollars, on or before the 16th day of March, 1897, at the rate of *January, $10 and February, $10. Balance $116, March,* per month, with 8 per cent interest after date. Said entire sum shall at once become due if default is made in the payment of any instalment in whole or in part.

"I am to retain possession of said property at —— until default shall be made in such payments, but the said C. W. Daniels shall have full power whenever he may deem himself insecure in the payment of said sum, or, upon removal or attempt to remove the said goods or any part thereof from the said ——, unless by the written consent of the said C. W. Daniels, or upon the failure to make the said monthly payments, to take peaceable possession of said goods. Upon taking possession of said goods, the said C. W. Daniels shall have power to sell the said goods at public or private sale, with or without notice, and out of the proceeds of said sale shall, after paying the costs and expenses of said sale, and whatever may be unpaid upon the indebtedness aforesaid, pay the balance if any to me.

"Witness my hand, etc.

"Signed, HENRY M. ROE."

On the back of the instrument there appears a written list of the goods Roe at the time purchased from Daniels. But as to whether or not the goods were so listed before the instrument was signed, or immediately thereafter, is not clear from the testimony.

The foregoing instrument, with the blank for description of the personal property filled out, was clearly a mortgage as between the parties thereto: It existed, too, unpaid and unsatisfied, at the date of application for the insurance. This by the express terms of the policy, rendered the contract for indemnity void. It was stipulated in the policy "that if the property insured, or any part thereof, is mortgaged at the time

INSURANCE: incumbrance: contract: notice.

said policy is issued, and the company be not notified thereof then said policy is to be absolutely void and of no effect." There is no pretense that the company had any notice of the incumbrance.

Whether the description of the property was filled out before or after the instrument was signed is of no conse-quence. For if the contract was not then com-plete there was authority in the mortgage to fill the blank with a description of the property intended to be conveyed. The law is well set-tled "that the leaving of blanks in a contract, and the delivery of the instrument with such blanks, creates an agency in the receiver to fill the blanks in the way con-templated by the maker. The authority to fill the blank will be implied." Loan & Trust Co. v. Brown, 59 Mo. App. 461, and authorities cited; Field v. Stagg, 52 Mo. 534; Mackey v. Basil, 50 Mo. App. 190.

CONTRACTS: de-livery: agency to fill blanks: description.

The facts clearly show a violation of the conditions of the policy and a forfeiture of plaintiff's rights thereunder. The action of the court in giving a peremptory instruction for defendant was entirely proper and its judgment will be affirmed. All concur.