MONGER & HENRY v. DELAWARE INSURANCE COMPANY.

No. 1292.   Decided February 29, 1904.

**Insurance—Warranty—Keeping Books—Cash Sales.**

One insured on a stock of goods, undertaking to keep a set of books presenting a complete record of purchases, sales and shipments, both for cash and credit, who kept no account of cash sales during six months upon his books nor in any way except by the preservation of detached slips taken from a "cash register," failed to comply with his warranty and could not recover his loss by fire from the insurance company. (Pp. 363, 364.)

Error to the Court of Civil Appeals for the Third District, in an appeal from Bell County.

The insurance company prosecuted error from a judgment for plaintiff in a suit against it by Monger & Henry, who obtained writ of error from the Supreme Court when the judgment was reversed and rendered for appellant by the Court of Civil Appeals.

*Geo. W. Tyler, John B. Durrett, West & Cochran,* and *Jas. P. Kinnard,* for plaintiffs in error.—Inventories, books and records in substantial compliance with the requirements of the policy were kept and produced by the insured. Brown v. Palatine Ins. Co., 89 Texas, 590; German Ins. Co. v. Pearlstone, 18 Texas Civ. App., 709; McNutt v. Virginia F. and M. Ins. Co. (Tenn.), 45 S. W. Rep., 61. Also authorities cited under next proposition.

The charge complained of is correct. Appellees having offered evidence tending to show a substantial compliance by them with the requirements of the policy in the matter of keeping a set of books, the court properly left to the jury the question of fact whether or not said requirements had been complied with. The charge required more than the law requires in this, that the law requires only substantial compliance with this stipulation of the policy, but the charge given was not so liberal—indeed it copied the very language of the policy. Western Ass. Co. v. Kemendo, 94 Texas, 371; Brown v. Ins. Co., 89 Texas, 590; Fire Assn. of Phila. vs. Calhoun, 4 Texas Ct. Rep., 272; Liverpool and London and Globe Ins. Co. v. Kearney, 180 U. S., 132; also authorities cited under preceding proposition.

*Crane, Greer & Wharton* and *Finley & Knight,* for defendant in error.—On the proposition that the books produced did not comply with the terms of the iron safe clause, we refer to the following authorities: Western Ass. Co. v. Kemendo, 94 Texas, 371; East T. F. Ins. Co. v. Blum, 76 Texas, 653; Aetna Ins. Co. v. Holcomb, 89 Texas, 404.

BROWN, ASSOCIATE JUSTICE.—Monger & Henry filed suit in the District Court of Bell County on the 18th day of June, 1901, against the Delaware Insurance Company, to recover on a policy of insurance for $5000 issued by that company to Monger & Henry, by which it insured against loss by fire for one year from the 6th day of February, 1900, the stock of merchandise belonging to the assured, consisting chiefly of "gents' furnishing goods, hats, boots, shoes, rubber goods and notions," agreeing in case they were destroyed by fire within the time limited to pay not exceeding $5000 to the parties assured.

Among other things, the policy of insurance contained the following clauses of warranty:

"1. The assured will take a complete itemized inventory of stock on hand, at least once in each calendar year, and unless such inventory has been taken within twelve calendar months prior to the date of this policy, one shall be taken in detail, within thirty days of issuance of this policy, or this policy shall be null and void from such date.

"2. The assured will keep a set of books, which shall clearly and plainly present a complete record of business transacted, including all purchases, sales and shipments, both for cash and credit, from date of inventory as provided for in first section of this clause, and also from date of last preceding inventory, if such has been taken, and during the continuance of this policy."

The insurance company answered denying liability on many grounds, among others, that the plaintiffs had failed to make an inventory of their stock within twelve months as required by the policy and that they had failed to keep a set of books as required by the terms of the policy.

The undisputed evidence showed that an inventory of the stock had been taken on December 12, 1899; the policy was issued February 6, 1900, and the fire occurred January 10, 1901. The undisputed evidence given by Monger, one of the plaintiffs in the case, established the following facts with regard to the books kept by the assured. He testified that they kept but one book, a combined journal and ledger, which he exhibited in court; that it showed all of the transactions of business that the firm had from the date of the policy down to the fire, and was such a set of books as he understood he was required to keep, which would be satisfactory to him and Mr. Henry, his partner. Mr. Monger testified that the book which was before him and by him examined showed entries on the 20th, 21st, 22d, 23d and 24th days of December of $113.11 each day. He said he did not make those entries on each day, but being very busy he had not time to enter up the matters and

let them run for several days, perhaps a week, and would then take the whole amount of the cash sales and the cash expenses and divide them by the number of days involved, entering up the proportional amount for each day. The same thing was shown by his testimony to have occurred on several occasions during the year. Mr. Monger testified that the book did not show any entry of cash sales or of business transacted by the firm from the 24th day of March, 1900, until the 21st day of September, 1900, except a few credit sales shown in personal accounts of some of the customers; but he testified that his firm kept a cash register of the National Cash Register Company, and that they had kept the slips which were preserved from that register for each day during the time that the book showed no entry of cash sales, and that the strips taken out of the cash register would show the amount of money received each day upon the sales of goods.

The case was tried before a jury and judgment entered for Monger & Henry, from which the insurance company appealed, and the judgment was reversed by the Court of Civil Appeals for the Third District and judgment entered in favor of the insurance company, from which a writ of error was granted by this court.

In the view we take of this case it will be unnecessary to pass upon the sufficiency of the inventory made by the plaintiffs, which was held by the Court of Civil Appeals not to be sufficient. Neither will we decide the question whether, under the facts of the case, it was necessary for the plaintiffs to have made an inventory after the issuing of the policy and before the fire.

The "detailed cash strips" made by the plaintiffs' cash register was in no sense a compliance with the requirements of the policy to keep a set of books, etc. The evidence showed conclusively that these strips constituted the only record kept by the plaintiffs of the cash sales made for about six months. We think that a set of books means something more than loose memoranda like the strips which the plaintiffs kept, and, while it is difficult to say what will constitute a substantial compliance with such requirement to keep books, we have no hesitation in holding that the cash strips kept by the plaintiffs were not such compliance in any sense whatever. The undisputed evidence in this case showing that there was no compliance with the warranty to keep a set of books, etc., the trial court erred in refusing, at the request of the defendants, to instruct the jury to return a verdict for the defendants. We find no error in the judgment of the Court of Civil Appeals, and for the reason last stated, it is affirmed.

*Affirmed.*