MONGER & HENRY v. QUEEN INSURANCE COMPANY OF AMERICA.

Decided January 9, 1907.

**1.—Insurance—Inventory—Case Followed.**

The ruling of this court, as to the insufficiency of the inventory herein to comply with the requirement of the insurance policy as to keeping same, made in Delaware Ins. Co. v. Monger & Henry, 74 S. W. Rep., 792, upon the same facts here involved, is followed and approved.

**2.—Insurance—Contract—Keeping Books.**

The ruling of the Supreme Court in Monger & Henry v. Delaware Ins. Co., 97 Texas, 362, that an undertaking by insured to keep a set of books presenting a complete record of purchases, sales and shipments, is not met by the mere preservation of detached slips taken from a cash register is followed in case involving the same facts.

**3.—Same—Books—Expert Evidence.**

The opinion of a bookkeeper was not receivable to show that the preservation of mere detached slips from a cash register constituted such a keeping of "books" as was customary and would be a compliance with a warranty that books should be kept.

Error from the District Court of Bell County. Tried below before Hon. John M. Furman.

*Jno. B. Durrett, Geo. W. Tyler* and *James P. Kinnard,* for appellant. —Whether Monger & Henry complied with the warranty contained in the iron safe clause of the policy,—that is, did those things which by the true intent and meaning of the contract they undertook to do,— was a question of fact; and unless the evidence was of such a character that there was no room for ordinary minds to differ as to the conclusions to be drawn from it, the court erred in taking the question from the jury. Brown v. Palatine Ins. Co., 89 Texas, 590; Lee v. International & G. N. Ry. Co., 89 Texas, 583; German Ins. Co. v. Pearlstone, 18 Texas Civ. App., 709; McNutt v. Virginia F. & M. Ins. Co., 45 S. W. Rep., 61; Western Assurance Co. v. Kemendo, 94 Texas, 371; Liverpool, etc., Ins. Co. v. Kearney, 180 U. S., 132; Western Assurance Co. v. Altheimer, 25 S. W. Rep., 1067; Aetna Ins. Co. v. Fitze, 78 S. W. Rep., 370; Western Assurance Co. v. Redding, 68 Fed. Rep., 708.

The trial court erred in excluding the testimony of the witness Fisher, offered as an expert bookkeeper and one skilled in the fire insurance business, and explaining the meaning of the terms "set of books," and "complete itemized inventory," and identifying the subject matter thereof, as the same are used in the iron safe clause of the policy sued on, as shown by plaintiff's bill of exception. Same authorities. Also Kelly v. Robb, 58 Texas, 377; Taylor v. McNutt, 58 Texas, 71; Hueske v. Broussard, 55 Texas, 201; Walker v. McDonald, 49 Texas, 462; German Ins. Co. v. Pearlstone, 18 Texas Civ. App., 709; Robbins v. Ginnochio, 45 S. W. Rep., 34; McAdoo v. Lummis, 43 Texas, 227; American Cent. Ins. Co. v. Green, 41 S. W. Rep., 75; Texas & N. O. Ry. Co. v. Mortensen, 66 S. W. Rep., 102; Ellis v. Cochran, 8 Texas Civ. App., 512; Meyers v. Maverick, 28 S. W. Rep., 716; Ginnuth v.

Blankenship, 28 S. W. Rep., 828; Swank v. San Antonio & A. P. Ry. Co., 1 Texas Civ. App., 682; Gulf, C. & S. F. Ry. Co. v. Pittman, 4 Texas Civ. App., 171; Eckford v. Berry, 27 S. W. Rep., 840; Fry v. Provident Saving Life Ins. Co. (Tenn.), 38 S. W. Rep., 126; Stoops v. Smith (Mass.), 1 Am. Rep., 85; Fagin v. Connolly, 69 Am. Dec., 456, and note; Singleton v. St. Louis Ins. Co., 27 Am. Rep., 326; Maril v. Connecticut Fire Ins. Co. (Ga.), 51 Am. St. Rep., 102, and note; Jackson v. Hardin (Ky.), 87 S. W. Rep., 1119; Webb v. Steiner (Mo.), 87 S. W. Rep.. 619; 17 Cyc., 638, 662-669, and notes.

Every employment which has a particular class devoted to its pursuit is an art of trade, and whenever the subject matter of inquiry so far partakes of the nature of a science or trade as to require a previous study or experience in order to attain a knowledge of it, persons instructed therein may give their opinion.     German Ins. Co. v. Pearlstone, 18 Texas Civ. App., 709; Ft. Worth & D. C. Ry. Co. v. Thompson, 75 Texas, 505; Davis v. State, 38 Md., 15; Taylor v. Monroe, 43 Conn., 36; 17 Cyc., 41-45, and note.

The testimony of the witness as to the general custom and usage of merchants in Belton, in Texas and among merchants generally, with reference to the method of taking an inventory of stocks of goods in bulk, and to cash registers such as those used by Monger & Henry having been in general and common use in bookkeeping for at least ten or fifteen years, and as to the object and purpose of the requirement to keep such books and inventory, was admissible to explain the meaning of the terms, "set of books," and "complete itemized inventory," as the same were used in the policy of insurance; and the exclusion of said testimony was error.     See authorities under preceding propositions.     Also, Schaub v. Dallas Brewing Co., 16 S. W. Rep., 429; McCarthy v. McArthur, 63 S. W. Rep., 56; Smith v. Clews, 11 Am. St. Rep., 632, and note; Pennsylvania Ry. Co. v. Naive (Tenn.), 79 S. W. Rep., 127; 12 Cyc., 1065-1068, 1081, and notes; 29 A. & E. Enc., 421, and note.

*A. M. Monteith, Finley, Knight & Harris,* and *Crane & Gilbert,* for defendant in error.

KEY, ASSOCIATE JUSTICE.—Plaintiffs in error brought this suit against the defendant in error, seeking to recover upon a $6,000 fire insurance policy. The defendant pleaded a forfeiture of the policy, on account of breaches of conditions in the policy, in failing to keep the books and inventory required by the iron safe clause.

After the testimony was introduced, the trial court instructed a verdict for the defendant, which instruction is assigned as error. The case is quite similar to the case of Monger & Henry v. the Delaware Insurance Company, decided by this court and reported in 74 S. W. Rep., 792, and also decided by the Supreme Court and reported in 79 S. W. Rep., 7, and 97 Texas, 362. In that case this court reversed and rendered in favor of the insurance company, because of the failure to keep such an inventory as was required by the iron safe clause of the policy. The Supreme Court did not decide that point, but affirmed the judgment of this court because of the failure of Monger & Henry to keep

a set of books showing a complete record of the business transacted, as required by the contract. In this case the inventory is equally as defective as the one in the other case, and the books relied on are the identical books that were held by the Supreme Court to be insufficient. The plaintiffs offered alleged expert testimony tending to show that the books and inventory in question were such as are commonly made and kept by merchants, which testimony was excluded, and error is assigned upon such exclusion.

We are of opinion that the rulings complained of were correct, and especially the ruling in reference to the books. For a period of about six months the plaintiffs kept no book showing cash sales. It is true that during that period they kept strips taken from the cash register showing sales, but the testimony leaves it in doubt as to whether these were all dated; but, even if they were, the Supreme Court held in the former case that they were no part of any book, and said: "We have no hesitation in holding that the cash strips kept by the plaintiffs were not such compliance in any sense whatever." The contract required the plaintiffs to keep books showing a record of their business; and the fact that merchants generally may, in some particulars, fail to keep books, but keep records upon strips of paper in lieu of books, ought not to change the terms and effect of the contract.

No error has been shown and the judgment is affirmed.

*Affirmed.*