J. W. JENKINS SONS MUSIC COMPANY, Appellant, v. ANNIE M. JOHNSON, Respondent.

Kansas City Court of Appeals, January 5, 1914.

1. REPLEVIN: Possession: Payment. The plaintiff, a retail dealer in musical instruments, sued to recover possession of a piano, which it sold the defendant on the installment plan. All the installments were paid, but no interest, which should have been paid according to the contract. *Held*, that since the plaintiff admitted signing the written contract with interest terms therein, the only defense left to her was the affirmative defense of payment.

2. EVIDENCE: Fraud and Mistake. In the absence of fraud or mistake parol evidence is not admissible to contradict or vary a written contract.

Appeal from Jackson Circuit Court.—*Hon. D. A. Murphy*, Special Judge.

REVERSED AND REMANDED.

*Stubenrauch & Hartz* for appellant.

*Joseph Johnson* for respondent.

JOHNSON, J.—This is a replevin suit begun in a justice court for the recovery of the possession of a piano. The trial in the circuit resulted in a verdict and judgment for defendant and plaintiff appealed.

The facts of the case are as follows: On December 6, 1906, plaintiff, a retail dealer in musical instruments, sold and delivered a piano to defendant on the installment plan. Defendant paid ten dollars on the purchase price of one hundred and eighty dollars and signed and delivered to plaintiff a contract in writing by the terms of which she agreed to pay the remainder in monthly installments of eight dollars each with the exception of the last which was for ten dollars. The contract provided that plaintiff should have a lien on the piano to secure the payment of the purchase price "with interest on each of said installments at the rate of six per cent per annum from date hereof." Subsequently defendant paid all of the installments but—so plaintiff contends—paid no interest and when the suit was brought was indebted to plaintiff on account of interest in the sum of $10.56. Two defenses are urged against this claim, viz., first, that in the contract of sale actually made by the parties, no interest was to be charged on any installment until after its maturity and, second, that prior to the commencement of this suit, defendant paid $188 on the piano and tendered an additional payment sufficient to cover the accrued interest claimed by plaintiff. As to the second defense which amounts to a plea of payment it appears that before the suit was begun defendant tendered $2.25 as full payment of the remainder due and that the tender was refused by plaintiff on the ground that it fell about eight dollars short of the amount of the accrued interest. Whether the tender was sufficient

or insufficient to discharge the debt claimed by plaintiff
depends on the solution of the controversy between
the parties over the amount defendant paid on the
piano. Plaintiff claims and its evidence very strongly
tends to show the total of the payments was only $180
while defendant insists she paid eight dollars more.
The disputed payment she and her husband, who was
her agent, state was made in November, 1908, by a
check drawn by the husband on a bank in Kansas City
and mailed to plaintiff. The husband claims that the
check was subsequently paid by the bank, charged to
his account and returned to him with other cancelled
checks. He did not produce it and explains that he
mislaid the bundle of cancelled checks for that month.
Defendant testified that she enclosed the check in an
envelop which she addressed and mailed to plaintiff.
On the other hand plaintiff denies receiving the check
and introduced a witness from the bank who testified
that no such check had gone through the bank and been
charged to the account of plaintiff's husband.

If we were sitting as triers of fact we would say
that the evidence of plaintiff on this issue greatly out-
weighs that of defendant but we cannot agree with
counsel for plaintiff that the latter evidence should
be rejected as wholly devoid of probative force. Book-
keepers of banks and business houses are not infalli-
ble. They sometimes make mistakes and we would not
be justified in declaring as a matter of law that the
evidence furnished by the bookkeeper of the bank and
his books should be given conclusive effect. The evi-
dence of defendant is substantial and the court did
not err in sending the issue of payment to the jury.

We have noted that the contract signed by de-
fendant called for interest at six per cent per annum
on the deferred installments to be computed from the
date of the sale. Defendant insists that she bought
the piano on the express oral agreement of plaintiff
that no interest would be charged on installments paid

on or before maturity and she seeks to avoid the rule which merges all prior or contemporaneous oral agreements into the written contract on the ground that this rule does not apply in instances where the party to be charged with the payment of money signs and delivers a blank contract to the obligee with the implied agreement that he shall fill out the blanks in a way to make the written instrument express the actual contract. Defendant contends that plaintiff handed her a printed form of mortgage contract which she signed without reading, being in a hurry, and delivered to plaintiff with the understanding that the instrument when filled out by plaintiff would conform to the oral agreement of the parties. All this is denied by plaintiff but taking defendant on her own ground we must hold that she has failed in her attack on the provision of the written contract relating to interest which was in the printed portion of the blank she admits she signed. The law presumes she advised herself of the contents of the instrument she signed. She was *sui juris,* was in possession of normal faculties, had full opportunity to read the paper, no trick or fraud was practiced upon her and she will not be heard to plead her own neglect as an excuse for signing an instrument containing an agreement at variance with one she thought she was making. See Crim v. Crim, 162 Mo. l. c. 552, where it is said, ''It is an invariable rule of law that in the absence of fraud or mistake, parol evidence is not admissible to contradict or vary a written contract. The written contract is conclusively presumed to merge all prior negotiations and to express the final agreement of the parties. To permit a party when sued on a written contract to admit that he signed it but to deny that it expresses the agreement he made, or to allow him to admit that he signed it but did not read it or know its stipulations, would absolutely destroy the value of all contracts and negotiable instruments. The reason underlying the rule is to give sta-

bility to written agreements, and to remove the temptation and possibility of perjury, which would be afforded if parol evidence was admissible.''

The fact that the contract when delivered by defendant contained blanks which it was understood plaintiff would fill did not prevent the rule we are stating from applying to all other parts of the instrument. The implied authority defendant conferred upon plaintiff was to complete the instrument by filling out the blank spaces. No authority was implied to strike out or alter any of the printed stipulations or agreements. Presumably the parties agreed that what appeared on the face of the instrument should stand and that the insertions to be made should be consistent with it. [Roe v. Ins. Co., 78 Mo. App. 452; Bank v. Nickell, 34 Mo. App. 295; Ivory v. Michael, 33 Mo. 398; Bank v. Barnum, 160 Fed. 245; Loan & Trust Co. v. Brown, 59 Mo. App. l. c. 469.] The rule thus is stated in 2 Cyc. 161:

''An implied authority to fill blanks is confined to such insertions as are necessary to make the instrument perfect according to its nature, frame and intended use. There is no inference of authority to make any addition to the terms of the instrument, or to make a new instrument by erasing what is written or printed, or by filling blanks with stipulations repugnant to the plainly expressed intention of the paper as shown by its written or printed terms.''

The court, over the objection of plaintiff, allowed defendant to attack the printed terms of the contract in her evidence and submitted to the jury the issue of fact thus raised. This was prejudicial error. Since defendant admitted signing the written contract, the only defense left to her was the affirmative defense of payment.

The judgment is reversed and the cause remanded. All concur.