E. C. WHITE, assignee of INTERNATIONAL HARVESTER COMPANY OF AMERICA, Appellant, v. J. R. ELWELL, Respondent.

### Kansas City Court of Appeals, May 3, 1915.

1. **CONTRACTS: Sales: Purchase Price.** The plaintiff's assignor sold and delivered to defendant six cream separators, and plaintiff now prosecutes this action to recover the purchase price. The machines were destroyed by fire. The defendant signed a written contract for their purchase, but defended on the ground that he signed the contract in blank and told the agent of the plaintiff's assignor to fill it in, in accordance with their agreement, that he was to be the agent only. *Held*, that there is no merit in the defense, and the admissions of defendant that he signed the written contract and afterward accepted a delivery of the six machines, as being made pursuant to its terms, were sufficient to call for the giving of a peremptory instruction to the jury to return a verdict for plaintiff.

2. **EVIDENCE: Parol.** Parol evidence will not be admitted to vary the terms of a written contract and the instances in which this rule has not been applied are exceptional and consist of those where a party to a contract, though acting as an ordinary careful and prudent person would have acted, is misled to his injury by some fraudulent trick or contrivance of the other party.

3. ———: ———: ———. To permit an attack on a written contract on the ground that it does not express the understanding of the real agreement of the parties, upon the mere excuse that the attacking party did not have time to read it before he signed it, would practically destroy the finality and stability of written contracts and render them useless.

Appeal from Pettis Circuit Court.—*H. B. Shain,* Judge.

REVERSED AND REMANDED.

*G. W. Barnett* and *E. C. White* for appellant.

*E. W. Couey* for respondent.

JOHNSON, J.—This action originated in a justice court and is for the recovery of the purchase price of six cream separators which plaintiff alleges were sold and delivered to defendant by the International Harvester Company of America. Before the suit was begun the demand was sold and assigned to plaintiff for a valuable consideration. The trial in the circuit court where the cause was taken by appeal resulted in a verdict and judgment for defendant and plaintiff appealed.

The International Harvester Company sells some of its goods to retail dealers and some it consigns for sale on commission. The controversy in this case is over the fact of whether or not the six separators which defendant admits he received, and which were destroyed by fire about ten days after their delivery, were sold to defendant by the Harvester Company or were consigned to him for sale on commission.

Defendant, who was doing business at Lamonte, was visited by an agent of the Harvester Company with whom he had had business dealings and the result of the interview, as stated by defendant, was that he agreed to take one of the cream separators for sale on commission. The agent then produced a blank form of contract but defendant being in a hurry to go to a ball game would not wait for the written insertions to be made by the agent nor take time to examine the printed matter to ascertain whether the form was that of a consignment contract or of a contract of sale. He signed his name to the contract and directed the agent to make the necessary written insertions. The printed matter provided plainly and explicitly for the purchase of the machines by defendant and the instrument could not have been converted into a consignment contract without radical alterations therein.

Though defendant states he was only to take one of the machines he received, without objection, the six

delivered to him and retained them until their destruction. Plaintiff objected to the introduction of the oral evidence of defendant contradicting the written contract but the objection was overruled, doubtless upon the theory that such evidence was pertinent to the issue defendant sought to inject into the case that he was induced to sign the written contract under which the machines were delivered by the false and fraudulent representation of the agent of the Harvester Company that the contract signed in blank would provide for the delivery of one machine on consignment.

The agent, introduced as a witness by plaintiff, contradicted the testimony of defendant on every point the latter deems vital to his defense, and stated that defendant did not sign the contract until after the written insertions were made and that the contract truly expressed the final agreement made by the parties.

In the instructions, the court directed the jury to find for the defendant if they believed from the evidence that the agent "falsely and fraudulently represented to defendant that he was creating defendant an agent to sell the goods in question on commission and that defendant believing and relying upon said representations, if any, signed the contract in evidence in blank with the understanding that when filled out it . was not to be a contract of sale but a contract of agency, then defendant is not bound by said contract."

Defendant is a business man in full possession of his faculties and on his own statement of the facts of the transaction between him and the agent, his conduct in signing the contract in blank without pausing to acquaint himself with the nature of its contents, was inexcusably negligent. The courts in this State invariably have applied the rule that parol evidence will not be admitted to vary the terms of a written contract

and have held the careless and negligent business man to the consequences of his own imprudence.

The instances in which the rule has not been applied are exceptional and consist of those where a party to a contract, though acting as an ordinarily careful and prudent person would have acted, is mislead to his injury by some fraudulent trick or contrivance of the other party. [United Breeders Company v. Wright, 134 Mo. App. 717.]

To permit a business man to attack his written contract on the ground that it does not express his understanding of the real agreement of the parties, upon the mere excuse that he did not have time to read it before he signed it, would practically destroy the finality and stability of written contracts and render them useless. [Crim v. Crim, 162 Mo. l. c. 552; Spelman v. Delano, 172 S. W. 1163.]

The fact, if it be a fact, that the contract when signed by defendant contained blanks which it was understood the agent would fill out did not prevent the rule we are stating from applying to all other parts of the instrument. [Music Company v. Johnson, 175 Mo. App. 355.] Defendant conferred authority upon the agent to complete the instrument by filling out the blank spaces and no authority or duty was implied to strike out or alter any of the printed agreements or statements. Presumably the parties agreed that what appeared on the face of the instrument should stand and that the insertions to be made should be consistent therewith. [Roe v. Insurance Co., 78 Mo. App. 452; Bank v. Nickell, 34 Mo. App. 295; Ivory v. Michael, 33 Mo. 398; Bank v. Barnum, 160 Fed. 245; Loan & Trust Co. v. Brown, 59 Mo. App. l. c. 469; 2 Cyc. 161.]

There is no merit in the defense, and the admissions of defendant that he signed the written contract and afterward accepted a delivery of the six machines, as being made pursuant to its terms, were sufficient to call

for the giving of a peremptory instruction to the jury to return a verdict for plaintiff.

The judgment is reversed and the cause remanded. All concur.