## Home Insurance Company v. Chowning.

(Decided June 24, 1921.)

### Appeal from Spencer Circuit Court.

1. Insurance—Title of Insured.—The issual of a policy to the insured is prima facie evidence of title in insured.

2. Insurance—Title of Insured—Directed Verdict.—In an action on a fire insurance policy the evidence showing title in insured to the property, and that the change in tenants was by consent of the insurer, the trial court properly directed a verdict for appellee.

GORDON & LAURENT, FRANK M. DRAKE and JOHN K. TODD for appellant.

EDWARDS, OGDEN & PEAK and S. K. BAIRD for appellee.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

This appeal is from a judgment of the Spencer circuit court in favor of appellee Chowning and against the appellant Home Insurance Company, enforcing a fire insurance policy for $600.00 on a farm residence destroyed by fire in 1917. The company admits the issual of the policy, collection of the premiums and destruction of the insured building by fire, but is defending on the grounds that plaintiff Chowning was not the owner of the property at the time of the issual of the policy or (2) if he was at that time such owner he later and before the fire occurred which destroyed the residence, was divested of all insurable interest therein, and is not, by reason of the terms of the policy, entitled to collect the insurance. The policy contains a provision which reads:

"It is stipulated and agreed that if any false statements are made in such application or otherwise or if the assured, without written consent hereon, has now, or shall hereafter, procure any other contract of insurance, whether valid or not, on any of said property, or if the property or any part thereof shall hereafter become mortgaged or encumbered; or upon the commencement of foreclosure proceedings; or in case any change shall take place in the title or interest or possession (except by succession by reason of the death of the insured) of the property herein named; or if the assured shall not be the sole or unconditional owner in fee of said property . . . then in each and every one of the above cases this policy shall be null and void." The insurance company first contends that the court erred to its great prejudice in giving, over its objection, a peremptory instruction to the jury to find for the plaintiff, because the averments of the petition were and are not sufficient to support the judgment. This contention was not made below, nor was a demurrer filed to the petition. The averment in the petition of ownership of the insured property is very meager and unsatisfactory. This averment in substance is that the insurance company issued and delivered to plaintiff in consideration of a named premium a $600.00 policy of fire insurance on "plaintiff's one story shingle roof farm dwelling house." This allegation is not traversed but rather admitted. Had a general demurrer been filed to the petition the court no doubt would have sustained it, but none was interposed. Before judgment a pleading is construed strongest against the pleader, while after judgment it is the rule to so construe the

pleading, if possible, as to sustain the judgment where no objection was made to it before the trial was completed. We think this salutary rule may be invoked here to sustain an otherwise defective pleading.    Here it accords with the facts, for it is manifest from the whole record that Chowning was in fact the fee simple owner of the insured property at the time the policy of insurance was issued in 1915, and until after the fire, unless he divested himself by a written contract, which he admits he made with one Goodlet for the sale of the property in question. This writing is in the nature of an executory contract for the sale of the property to Goodlet, but by this action Chowning seeks to reform it so as to make it evidence all the terms of the agreement which he alleges it should have contained and which constitute a mere option to Goodlet to purchase the property at a stated price but which option was never exercised by Goodlet. The proof fairly sustains this contention of Chowning, and the trial judge sitting as a chancellor reformed and found the alleged contract to be an option only.

If it be admitted that the contract was but an option to Goodlet to purchase the property, no title or interest in the property passed to Goodlet, nor was Chowning divested of title to the property within the meaning of the terms of the policy of insurance copied above.    140 Ky. 27.

Where the title of the plaintiff to the insured property is not disputed or questioned by the pleadings, but other issues are made on which a trial is had, it will be presumed that plaintiff's title was complete.    It is the rule that the issual of a policy to the insured by the company on the property is *prima facie* evidence of the title in the insured.    A *prima facie* case of ownership is made by proof of possession.    19 Cyc 941.

However, if the contract was one for the sale of the property to Goodlet it was never consummated and the title to the property never passed to Goodlet, the contract being surrendered and cancelled by the parties to it before the fire.    If the sale had been actually consummated between Chowning and Goodlet but later and before the fire Goodlet had resold and conveyed the property to Chowning, the contract of fire insurance would not have been avoided by such sale and resale of the property, notwithstanding the policy contained a clause providing for such annulment if the ownership of the insured property should change.    In the case of Germania Fire Ins.

Co. v. Turley, 167 Ky. 58, we held that a policy of fire insurance was not avoided by reason of a sale of the property if at the time of the fire the title and possession were again in the insured as at the time the policy was issued.

We are clearly of the opinion that Chowning was in fact and in law the owner of the insured property both at the issual of the policy and at the date of the fire. This contention is supported by the evidence of Goodlet, who says he had merely an option to purchase and took it only in the hope he could find a purchaser and turn the property at a profit, but failing to do so returned the written contract to Chowning and cancelled the contract long before the fire, and Chowning had placed the property in the hands of a real estate agent for sale, and thus it stood at the time the fire destroyed the building.

It is also urged by the insurance company that Chowning was not in possession of the property at the time of the fire and this was a violation of the terms of the policy which would prevent a recovery. Chowning did not live in the property or near it at the time the policy was issued, and this fact was well known to the insurance company through its agent who solicited and wrote the policy, before the same was issued. Moreover the evidence shows that the company through its agent was notified of a change of tenants and consented thereto before the fire.

Having arrived at the conclusion that Chowning was the owner of the insured property both at the time of the issual of the policy and the occurence of the fire which destroyed the building we are of the opinion that the trial court correctly directed the jury to find and return a verdict for appellee Chowning, there being no other real issue in the case. Judgment affirmed.