### HOME INS. CO. OF NEW YORK v. HENDERSON. (No. 2928.)

(Court of Civil Appeals of Texas. Texarkana. May 28, 1924. Rehearing Denied June 12, 1924.)

Insurance &⟶328(5)—Insured's breach of "promissory warranty" as to payment of lien notes held to render policy void.

Provision of automobile fire policy avoiding policy except as to lienor, upon default in payment of lien note for 10 days after maturity, constituted enforceable "promissory warranty" breach of which rendered policy void, notwithstanding Vernon's Sayles' Ann. Civ. St. 1914, art. 4874a, prohibiting forfeiture for breach of warranty not contributing to loss, and article 4892, prohibiting clauses avoiding policy because of incumbrances.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Promissory Warranty.]

Appeal from District Court, Henderson County; W. R. Bishop, Judge.

Action by E. M. Henderson against the Home Insurance Company of New York. Judgment for plaintiff, and defendant appeals. Reversed and rendered.

The suit is by appellee against appellant insurance company on a policy of fire insurance insuring a certain automobile against fire and theft for the term of one year, from August 9, 1921, to the amount of $1,500. A fire occurred on March 9, 1922, while the

---

policy was in effect, injuring and damaging the automobile to the extent, as admitted, of $1,500. The automobile was of the value, at the time of the fire, of $1,800. The policy contained a loss payable clause in favor of the Oil Belt Motor Company as owner of 10 purchase-money notes given by the owner of the automobile. The insurance company paid the Oil Belt Motor Company $625, but refused to pay the insured the balance of the $1,500, claiming and pleading, in this suit, that the policy, according to its terms, became null and void on account of this breach, except as to the interest of the Oil Belt Motor Company which was paid it. The appellee sued for the balance of $875, and the court awarded judgment in his favor for that amount.

The case was tried before the court on an agreed state of facts. The agreed facts are that Burt Curtis, on August 9, 1921, purchased the Studebaker automobile from the Oil Belt Motor Company, paying therefor $1,000 cash and executing 10 notes, aggregating $1,038.18, payable monthly on the first day of each month, beginning September 1, 1921, and executing a chattel mortgage on the automobile to secure the payment of the notes. The notes were in the sum of $100 each, except the last note, which was for $138.18, with interest at the rate of 10 per cent. per annum from date, and provided, viz.:

"This note is one of a series of notes, and failure to pay any of them, or the interest thereon, when due, at option of the holder, matures all of said notes not then due, and the holder is hereby authorized to immediately institute proceedings for collection and the foreclosure of the chattel mortgage lien retained in the bill of sale and chattel mortgage of even date."

After the purchase of the automobile, and on August 9, 1921, Burt Curtis procured from the appellant the policy in suit. The following was attached to, and formed a part of, the policy:

"Loss Payable.

"This company does not ordinarily issue a policy on property of this character of that described above when the same is incumbered in any way, and it is expressly agreed that this policy is issued on condition of the literal truth of statements made to this company (but which shall not be a waiver of the company's rights in case of inaccuracy of any other statements made to the company) that: The insured has paid in cash $1,000 on account of the purchase price of the insured property, and that he yet owes thereon a balance of $1,038.18, and that the same is the only indebtedness or incumbrance of any kind or amount on said insured property, and that the same is now represented by 9 notes payable, one on the first day of each month, beginning with September 1, 1921. And this policy shall be wholly void if any such statement is inaccurate in any respect, or if any change is made in any of the notes representing said indebtedness or incumbrance, or otherwise than by payment

thereof, or if the property shall become otherwise incumbered in any way whatever, by any lien or any amount whatever, or if any of said notes shall not be completely paid and the indebtedness represented thereby wholly discharged on or before 10 days after the maturity thereof, without grace. But the loss, if any, hereunder, shall be payable to Oil Belt Motor Company, as owner of said notes, as its interest may appear, subject to all the terms and conditions of the policy, save that this insurance, as to the interest of said owner of the said notes only, shall not be invalidated by the failure of the assured to pay any of said notes within the time specified above, and in such case the liabilities of this company, under this policy, shall be to the said Oil Belt Motor Company only, and shall be limited to the amount of the principal and interest then unpaid on said notes."

At the time of the damage to the automobile, by fire, on March 9, 1922, the first four of the purchase-money notes had been fully paid by the assured to the Oil Belt Motor Company, but the remaining six notes were unpaid. The notes due and payable on January 1, 1922, February 1, 1922, and March 1, 1922, were all past due and unpaid, in whole or in part, as to both principal and interest. The insurance company having paid to the Oil Belt Motor Company the amount of the unpaid notes, the latter company indorsed each of said unpaid notes to the appellant insurance company. At the time of the fire the automobile belonged to the assured, Burt Curtis. Following the fire the policy was assigned to appellee by Burt Curtis.

Thompson, Knight, Baker & Harris, of Dallas, for appellant.
W. D. Justice, of Athens, for appellee.

LEVY, J. (after stating the facts as above). The question this court is to determine is that of whether or not the insurance company was entitled to a judgment in its favor by virtue of the provision of the policy pleaded as a defense, in view of the undisputed evidence that two of the notes were not paid within 10 days after the due date of each and both of them. The contract which the assured has accepted in this case provides that each one of the 10 outstanding notes given by him shall be by him "wholly discharged on or before 10 days after the maturity thereof, without grace," and in the event of such inaction on his part "this policy shall be void." The assured wholly failed to pay the notes due January 1, 1922, and February 1, 1922, within 10 days after the due date of the notes. The stipulated 10 days' time appears, in point of fact, as a reasonable time within which to make the payments after maturity, and no reason or contingency arising preventing the assured from meeting the payments at maturity, or within 10 days afterwards, is presented or urged.

The requirement of the policy as to the

payment of the notes given by the assured as part of the purchase price of the automobile is a requirement of something to be done following the date of the policy, and therefore legally falls within that class of provisions denominated "promissory warranties." 2 Cooley on Insurance, p. 1131. The courts of this state have uniformly upheld promissory warranties of various sorts, contained in policies of insurance; and where the policy has provided for the avoidance or forfeiture, on account of the breach of a promissory warranty, have put such avoidance or forfeiture into effect, when the evidence warranted same. See Insurance Co. v. Griffin, 66 Tex. 232, 18 S. W. 505; Teutonia Ins. Co. v. Tobias (Tex. Civ. App.) 145 S. W. 251; East Texas Fire Ins. Co. v. Blum, 76 Tex. 653, 13 S. W. 572; Western Assur. Co. v. Kemendo, 94 Tex. 367, 60 S. W. 661; Monger & Henry v. Insurance Co., 97 Tex. 362, 79 S. W. 7; and other cases. A provision against additional insurance in excess of that allowed by the policy is regarded as a stipulation material to the risk involved in insurance. Ætna Ins. Co. v. Waco (Tex. Com. App.) 222 S. W. 217. A similar reason will apply with equal force for the insurers of automobiles not desiring to continue, in force, insurance where the assured owner fails, or becomes unable to pay with reasonable promptness, the unpaid purchase price of his automobile. There is, therefore, no reason why the avoidance so contracted for, and so agreed to by the insured, should not be enforced, unless articles 4874A and 4892, Rev. Stat., have application operating to make the alleged defense unavailing. It is believed that article 4874A does not have application to the provision in suit, since the subject-matter of such stipulation, from its very nature, could not of itself contribute to bring about the destruction of the property by fire. As frequently held, article 4874A has reference only to those warranties and provisions, the breach of which might contribute to or bring about a fire loss, and has not application to provisions, the violation of which could not, from their very nature, contribute to or bring about the destruction of property by fire. Insurance Co. v. Driggers, 111 Tex. 392, 238 S. W. 633; McPherson v. Insurance Ass'n (Tex. Com. App.) 222 S. W. 211; Ætna Ins. Co. v. Waco (Tex. Com. App.) 222 S. W. 217; Insurance Co. v. Levy & Rosen (Tex. Com. App.) 222 S. W. 216; Firemen's Ins. Co. v. Alonzo,

112 Tex. 283, 246 S. W. 83; Humphrey v. Insurance Co. (Tex. Com. App.) 231 S. W. 750. Also, we think, article 4892, Rev. Stat., does not affect the stipulation here in question. This article undertakes to prohibit and make "absolutely null and void" any provision in any policy, viz.:

"To the effect that if said property is incumbered by a lien of any character or shall after the issuance of such policy become incumbered by a lien of any character, that such incumbrance shall render such policy void."

The intention of the article, plainly, is that, so far as the conditions and provisions of the statutory standard policy go, a clause or provision of the particular prescribed kind and form could not be used in such standard policy, and if inserted therein it would be "absolutely null and void," and "of no force and effect." The language of the article does not prohibit, nor impose, any limitation upon the exercise of any right or power upon the part of the assured and the insurance company to make any special express agreement, as a new term of contract independent of the statutory standard policy and not conflicting therewith, pertaining to "incumbrances." And the provision in suit was a special agreement, different in kind and form from that referred to in the above article. The particular provision referred to in the article mentioned operates to render the policy void upon the mere fact that "the said property be incumbered" at the date of the policy or afterwards. The provision in suit is otherwise, and to the extent only of a requirement that certain outstanding lien notes specially mentioned be paid on or before a particular day. Such stipulation was specially entered into because it was contemplated to insert a loss payable clause in favor of the seller of the automobile holding the purchase-money notes. The fact of incumbrance or lack of incumbrance, merely as such, at the date of the policy, or after its date, is not in terms dealt with by the parties. Lien notes may, in legal effect, constitute an incumbrance against property, but there is a distinction between a contractual requirement to pay the notes at a particular time and a contractual requirement that no incumbrance at all shall either exist presently, or happen after the date of the policy.

The judgment is reversed, and judgment is here rendered in favor of the appellant, with costs of the trial court and of this appeal.