## LONDON ASSUR. CORPORATION v. DEAN. (No. 310.)*

(Court of Civil Appeals of Texas. Waco. Feb. 18, 1926. Rehearing Denied March 18, 1926.)

**1. Insurance ⊙═⊃328(5).**

Conditional sale of personal property, where possession thereof has been delivered, is a change of interest therein.

**2. Insurance ⊙═⊃328(5).**

Sale of undivided interest in insured property, without knowledge and consent of insurer, is a change in insurable interest of assured, making policy void.

**3. Insurance ⊙═⊃328(5)—Transaction by which owner agreed on certain conditions to execute bill of sale to insured automobile and transfer license| held "conditional sale" and "change in interest" of owner in insured property, rendering policy void (Pen. Code 1925, arts. 1434, 1435).**

Transaction, by which owner contracted to sell insured automobile, received part of price, delivered possession, and agreed on certain conditions to execute bill of sale and transfer license, constituted in law a "conditional sale" and "change in interest" of owner in insured property within fire policy, rendering same void, notwithstanding that owner did not deliver bill of sale nor transfer state license, as required by Pen. Code 1925, arts. 1434, 1435.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Change; Conditional Sale.]

**4. Insurance ⊙═⊃365(3).**

Where policy of fire insurance has become void, it cannot be reinstated, except by waiver by the insurer.

Error from County Court, McLennan County; James R. Jenkins, Judge.

Suit by E. A. Dean against the London Assurance Corporation. Judgment for plaintiff, and defendant brings error. Reversed and rendered.

Thompson, Knight, Baker & Harris and Pinkney Grissom, all of Dallas, for plaintiff in error.

Johnston & Hughes and Weatherby & Rogers, all of Waco, for defendant in error.

BARCUS, J. This suit was instituted by defendant in error against plaintiff in error on an insurance policy for $700 which had been issued in his favor on one automobile, which burned during the period covered by said policy. Plaintiff in error contended it was not liable on the policy because of the following provision in the policy:

"The entire policy shall be void, unless otherwise provided by agreement in writing added thereto:

"(1) If the interest of the assured in the subject of insurance be other than unconditional and sole ownership, or in case of transfer or termination of the interest of the assured * * * or in case of any change in the nature of the insurable interest of the assured in the property described herein either by sale or otherwise,"

—and, further, because of the provision in the policy which provided that the company should not be liable for loss or damage while the property was incumbered by a lien or mortgage.

The cause was tried to a jury, and submitted on two issues: First, as to the cash market value of the automobile just before the fire, which the jury found to be $700; and, second, as to the cash market value immediately after the fire, which the jury found to be $25, and, based on said findings, the court entered judgment for defendant in error for $675, with interest from the time of the fire.

Plaintiff in error asked the trial court to give a peremptory instruction for it because the undisputed evidence showed that, after the policy was issued, the interest of defendant in said property was materially changed, in that he had sold and delivered same to Alfred Randle, and because same had become incumbered with a lien which Randle had given Dean to secure the purchase price.

The undisputed facts in this case show that, at the time the policy of insurance was written, in November, 1921, for one year defendant in error was the sole owner of the automobile and that same was free and clear of any incumbrances, and that the policy contained the above-stated provisions. Defendant in error testified that about June 1, 1922, he negotiated or bargained to sell the car to Alfred Randle, a negro, for $750; that he told Randle, if he would pay $250, cash and the balance $25 a month, he would sell him the car; that Randle did pay him the $250 cash, and signed a note and a mortgage se-

curing same for the $500, and took and kept the car from said time until it was burned in October, 1922; that Randle made the first two monthly payments of $25 each; that the latter part of August, after Randle defaulted in the monthly payment, he delivered the note and mortgage to Randle, and Randle delivered the car to him because he was not able to make the payments; that Randle continued, however, to use the car and keep the same at his (Randle's) house, up to and including the time it was burned; that he got $250 cash and two of the $25 payments on the car; that he did not pay any of this money back to Randle; that the note was just canceled and delivered to Randle, and Randle kept the note, and he (Dean) got the money and the car, too; that he did not give a bill of sale to the car, but did agree with Randle that he would give him a bill of sale and transfer of the license receipt as soon as he paid 51 per cent. or more of the purchase price; and that, by reason of Randle not having paid as much as 51 per cent. of the purchase price, he never executed him a bill of sale, and the license receipt was never transferred to Randle.

Randle testified that he bought the car from Mr. Dean, and that he kept it at his residence at 418 Ivy street, Waco; that Mr. Dean agreed to take the car back on account of his (Randle's) being sick, and not able to pay for it; that the day the car burned he had been out driving, and had driven it into his driveway, and went in the house, and, as he looked back, he saw the car was on fire; that he had bought the car, but had turned it back to Mr. Dean before it burned, but was still using it by permission of Mr. Dean; that he paid $250 down, and gave notes for $500, payable $25 per month.

[1, 2] From the above testimony it appears without question that Mr. Dean agreed to sell, and Randle agreed to purchase, the automobile for $750, $250 in cash and a note for $500; that the cash was actually paid, the note executed, the mortgage given, and the car de'ivered. This was a complete change of the interest which defendant in error had in the car. He contends that the sale was not legal or binding because he did not deliver a bill of sale nor transfer the state license, as is required by articles 1434 and 1435 of the Criminal Statutes (Penal Code, 1925), and that he did not violate said law because his contract with Randle was that he would retain said bill of sale and state license until at least 51 per cent. of the total purchase price was paid. Our courts have held that an attempted sale or transfer of a second-hand automobile, without a bill of sale being delivered and the license transferred, did not transfer any title to the car, and that, where parties have attempted to make a sale, the courts will leave them where the individuals placed themselves, and will not permit the attempted seller to re-

cover on the notes given by the attempted buyer, nor permit a foreclosure of a mortgage to secure the notes, on the theory that, where the Legislature has made it a penal offense for parties to enter into a contract, any attempted contract in violation of the statute is void. Grapeland Motor Co. v. Lively (Tex. Civ. App.) 274 S. W. 168; Hennessy v. Automobile Owners' Insurance Association (Tex. Civ. App.) 273 S. W. 1024; Paragon Oil Syndicate v. Rhoades Drilling Co. (Tex. Com. App.) 277 S. W. 1036. If the transaction between defendant in error and Randle is treated as an attempted sale, the same would be, and is, void. Still, defendant in error, by his actions, placed the automobile out of his possession, and delivered same into the possession of Randle, without any lawful means to recover same or to foreclose the mortgage lien which Randle gave him to secure the unpaid purchase price. A conditional sale of personal property where the possession thereof has been delivered is a change of interest therein. Fire Association of Philadelphia v. Perry (Tex. Civ. App.) 185 S. W. 374; Foster v. Beall (Tex. Civ. App.) 242 S. W. 1117; Cullum v. Lub-Tex Motor Co. (Tex. Civ. App.) 267 S. W. 322; Fire Association of Philadelphia v. Flournoy, 19 S. W. 793, 84 Tex. 632, 31 Am. St. Rep. 89. A sale of an undivided interest in property without the knowledge and consent of the insurance company would make the policy void. Springfield Fire Ins. Co. v. Morgan (Tex. Civ. App.) 202 S. W. 784; German Alliance Ins. Co. v. Fort Worth Grain Co. (Tex. Com. App.) 269 S. W. 430; Id. (Tex. Civ. App.) 257 S. W. 273; Home Insurance Co. v. Henderson (Tex. Civ. App.) 263 S. W. 650; Hamilton v. Firemen's Fund Insurance Co. (Tex. Civ. App.) 177 S. W. 173.

[3, 4] If the position of defendant in error that his transaction with Randle was not a completed one, and did not in law amount to a sale and transfer of the property, is correct, then, by his having made a contract of sale, and having received part of the purchase price, and having delivered actual possession of the automobile, and having agreed on certain conditions to execute the bill of sale and transfer the license, same constituted in law a conditional sale (Ferris v. Langston [Tex. Civ. App.] 253 S. W. 309) and Randle, by complying with said conditions, would have been entitled to enforce a specific performance of said contract, or would have been entitled to recover the purchase money which he had paid on the strength of said contract. Equity would not permit the defendant in error to make a conditional sale such as he claims to have made in this case and then permit him to repossess himself of the automobile without doing equity, and, in either event, the transaction between defendant in error and Randle changed Dean's interest in and to the automobile, and made the contract of insurance under its terms void

Where a policy of fire insurance has once become void, it cannot be reinstated except by a waiver on the part of the insurance company. East Texas Fire Ins. Co. v. Kempner, 27 S. W. 122, 87 Tex. 229, 47 Am. St. Rep. 99; Insurance Co. of North America v. Wicker, 55 S. W. 740, 93 Tex. 390; National Union Fire Ins. Co. v. Richards (Tex. Civ. App.) 278 S. W. 488.

Under the facts in this case, the trial court should have given the peremptory instruction requested by the plaintiff in error, and, the controlling facts being undisputed, the judgment of the trial court is here reversed, and judgment rendered in favor of plaintiff in error.