## CONTINENTAL INS. CO. v. MICHAELS.
### (No. 3615.)

Court of Civil Appeals of Texas. Texarkana. Jan. 23, 1929.

Rehearing Denied Jan. 31, 1929.

Thompson, Knight, Baker & Harris, of Dallas, for plaintiff in error.

Wm. F. Young, of Marshall, for defendant in error.

WILLSON, C. J. (after stating the facts as above). ▮ The stipulation in the policy set out in the statement above was a valid one, and, if it was violated, operated to relieve plaintiff in error of the liability defendant in error claimed against it. 26 C. J. 228 et seq. Did it appear that the stipulation had been violated? Plaintiff in error insists it did, in that the evidence conclusively showed, it says, a conditional, if not an absolute, sale of the coupé to Calloway. Defendant in error, on the other hand, insists that the transaction with Calloway did not affect defendant in error's interest in the property, because, he says, it passed to Calloway nothing more than an option (that is, a mere right to purchase the coupé if he chose to do so) he never exercised. We agree with defendant in error that if the right Calloway

acquired was no more than an option never exercised, the stipulation was not violated; but, giving full effect to the testimony of defendant in error as a witness, referred to in the statement above, and to all other testimony adduced on his behalf, we think it nevertheless conclusively appeared that the right Calloway acquired was more than an option—that he became the owner of the coupé, with a right, exercisable within a reasonable time if the condition of the car was not materially changed, to exchange it for the sedan. London Assurance Corp. v. Dean (Tex. Civ. App.) 281 S. W. 624; Fire Ass'n v. Perry (Tex. Civ. App.) 185 S. W. 374; 26 C. J. 229 et seq. The testimony of defendant in error that Calloway "took (quoting) my car and was to come back in a day or two" indicated that he was to exercise the right he had to exchange the coupé for the sedan within that time; and that having failed to exercise it within that time, and not offering to exercise it within the six or seven days intervening between the time the coupé was delivered to him and the time it was burned, he had forfeited his right to make the exchange. It is clear, we think, that the interest defendant in error had in the coupé at the time it was burned was not that of an owner, but that of a mortgagee only. We have read and considered all the cases (to wit, Home Ins. Co. v. Chowning, 192 Ky. 327, 233 S. W. 731; Philadelphia Underwriters' Agency v. Moore [Tex. Com. App.] 229 S. W. 491; Ins. Co. v. O'Bannon, 109 Tex. 281;[1] Detroit Fire & Marine Ins. Co. v. Boren-Stewart Co. [Tex. Civ. App.] 203 S. W. 382; Terminal Ice & Power Co. v. American Fire Ins. Co. [Mo. App.] 187 S. W. 565; and Southern Casualty Co. v. Landry [Tex. Civ. App.] 266 S. W. 806) cited by defendant in error as supporting his contention, and think none of them does so.

The judgment will be reversed, and judgment will be here rendered that defendant in error take nothing by his suit against plaintiff in error.

### On Motion of Defendant in Error for a Rehearing.

In connection with the motion, we have again considered the evidence in the statement of facts sent to this court, and do not agree with defendant in error in his view that the appeal was disposed of under a misapprehension of the facts "in several very material particulars." The "conditional sale contract" referred to in the opinion reversing the judgment was not between Calloway and the General Motors Acceptance Corporation, as is stated in the motion, but it purported to be between Calloway and the Michaels Motor Company. It was in fact, as shown by uncontradicted testimony, between Calloway and O'Connor; the latter acting in the matter as the agent of both defendant in error and the Michaels Motor Company. The contract was executed by Calloway, and it was not pretended that Mrs. Robertson, who acted at O'Connor's instance (it seems from her testimony as a witness) in filling blanks in the printed form used, did not act within the implied authority conferred by Calloway when he executed the instrument with blanks unfilled therein. J. W. Jenkins Sons Music Co. v. Johnson, 175 Mo. App. 355, 162 S. W. 308; 13 C. J. 308; 2 C. J. 1242 et seq.; 1 R. C. L. 1008, 1012, 1018; 41 C. J. 420. Unquestionably, for anything to the contrary appearing in the record sent to this court, Calloway was bound by the sales contract; and the only option he had, if any, under it was to exchange the coupé for the sedan, if he chose to do so within the time contemplated. The coupé became his property when it was delivered to him, and unquestionably, had he made the payments as agreed upon, he could have held it as against defendant in error. The fact that Calloway had a right under his agreement with O'Connor, the agent in the transaction of both defendant in error and the Michaels Motor Company, to exchange the coupé for the sedan, did not until such an exchange was effected make the coupé any less his property than it would have been had he had no such right. We did not and do not think it was of any importance to the rights of the parties whether the sales contract was executed by defendant in error or not; for his undertaking under it was performed when he, acting by O'Connor, delivered the coupé to Calloway.

The motion is overruled.