Delivered December 2, 1890.

THE EAST TEXAS FIRE INSURANCE COMPANY V. JAMES K. CLARKE.

No. 3031.

1. **Insurance Policy — Mortgage.** — A mortgage upon the property insured is a conveyance of an interest in the same such as to avoid a policy which by its terms was to become void upon any conveyance of an interest therein by the assured without the consent of the insurance company.

2. **Same—Wife's Dower Interest.**—A mortgage by the husband alone, the wife not having released her dower interest where such estate exists, would convey an interest in the property and avoid the policy.

3. **Same—Issues.**—The testimony showed a policy of insurance upon property in Florida, and a mortgage signed by the husband but not signed by the wife, nor any release of her dower. The court erred in charging the jury to find for the plaintiff suing upon the policy. The issue should have been submitted to the jury whether there had been a delivery of the mortgage, and if so to find for the defendant.

APPEAL from Smith. Tried below before Hon. Felix J. McCord.

The opinion states the case.

*Whitaker & Bonner*, for appellant. — 1. The language of the policy being that "if any change take place in the title, location, interest, or possession (except in case of succession by reason of death of the assured), whether by sale, transfer, or conveyance, in whole or in part," that the policy should be null and void, a mortgage upon the property after the insurance was effected would be a change of interest, and a violation of said condition rendering said policy null and void. Edmunds v. Ins. Co., 1 Allen, 311; Abbott v. Ins. Co., 30 Me., 414; Ayres v. Ins. Co., 17 Ia., 176; Tallman v. Ins. Co., 29 How., 71; May on Ins., sec. 294, citing Bank v. Yerkes, 86 Pa. St., 227.

As to the object of the inquiry as to mortgages. May on Ins., secs. 271–273, 290.

2. None of the property insured being subject to dower, and said mortgage being complete as to said property, having been signed, sealed, acknowledged, and delivered in so far as the husband was concerned, subject only to have the wife release her dower interest in the property therein

mentioned which was subject to dower, said mortgage was, as to the property insured, a valid and subsisting encumbrance. Clarke v. Ins. Co., 18 Ins. Law Jour., 488; 5 Encyc. of Law, 890–892; 2 Washb. on Real Prop., 194, sec. 3.

*Horace Chilton,* for appellee.—Making a mortgage subsequent to issuance of policy did not change the title, location, interest, or possession of the property, even if the mortgage had been executed. Nease v. Ins. Co., 9 S. E. Rep., 233; Quarrier v. Ins. Co., 10 W. Va., 507; Ins. Co. v. Kelly, 5 Benn. Fire Ins. Cases, 302; Morrison v. Ins. Co., 59 Fed. Dec., 304.

HENRY, Associate Justice.—This suit was brought by James' K. Clarke against the East Texas Fire Insurance Company to recover the value of a certain policy issued by said company on a certain steam saw mill, building, and machinery, situated at Millview, Florida.

The only defense urged by the company on the trial in the court below was that after the issuance of the policy James K. Clarke, one of the plaintiffs, had, without the knowledge or consent of the company, executed a mortgage on the property insured, contrary to the terms and conditions of the policy.

Plaintiff in reply to said plea alleged that said mortgage was never executed as alleged by defendant, but that at the time of the fire the same was incomplete and inoperative, because it had never been delivered but was merely deposited with H. A. Crane, of Savannah, Georgia, to await the signature of Ellen Clarke waiving her dower interest; that such signature had not been obtained at the time of the fire, and until that time the mortgage was of no force and effect.

The court below instructed the jury to return a verdict for plaintiff on the ground that the mortgage was not prohibited by the conditions of the policy.

In the contract it is provided that "the assured, by the acceptance of this policy, hereby warrants * * * that there is no mortgage, trust deed, or lien upon the property insured, or any part of the same, unless the same be expressly stated in the written part of the policy or in the written application for this insurance." It is also provided that "this policy shall be void, unless consent in writing is endorsed hereon, in each of the following instances, viz.: * * * If the interest of the assured in the property, whether as owner, trustee, consignee, agent, mortgagee, or lessee, or otherwise, is not truly stated in this policy, or if any change take place in the title, location, interest, or possession (except in case of succession by reason of death of the assured), whether by sale, transfer, or conveyance, in whole or in part, or by legal process or by judicial decree."

The word "interest," as defined in Abbott's Law Dictionary, means

"any right in the nature of property, but less than title. Its chief use seems to designate some right attaching to property which either can not or need not be defined with precision." The same author defines "mortgage, "a conveyance made as security." At common law a mortgage is without exception spoken of as a conveyance. Babcock v. Hoey, 11 Ia., 377.

For the purpose of arriving at the meaning of the words used in the contract the question is, what do the terms used mean at common law, rather than what legal effect is given to a mortgage under our statutes or under the laws of Florida. That is another and quite a different thing. The form of contract is probably not limited to or intended for use in any one State only.

In the case of Lucket v. Townsend, 3 Texas, 129, and in the case of Duty v. Graham (the leading authority with us for the doctrine that a mortgage does not convey the legal title, but is a security only), 12 Texas, 434, "mortgages" are referred to as "conveyances."

We think it quite clear that within the meaning of the terms used in the policy before us a mortgage "conveys" an interest in the property mortgaged to the mortgagee.

Instead of the charge given, the jury should have been informed that the execution and delivery by plaintiff of a mortgage upon the property would be a violation of the terms of the contract which would discharge the defendant.

Whether or not a mortgage was executed and delivered is a question of fact for the jury to find. As this question was not passed upon at the trial from which this appeal was taken, we deem it only proper to say, in a general way, that it should be explained to the jury that the mortgage did not take effect until it was delivered for that purpose.

If under the laws of Florida the land upon which the insured building was erected was subject to the wife's right of dower, that would not prevent the husband from making upon it a valid mortgage which, if the wife did not relinquish her right of dower, would not bind her dower interest, but which would be good for the excess of the title over the dower interest and would be such a mortgage as would avoid the contract in controversy.

If the mortgage was delivered by the husband for the purpose of taking effect so far as he was concerned, and was held as an incomplete instrument for the purpose of procuring his wife's signature only, so as to make it also include a relinquishment of her right of dower, it would then be a mortgage within the meaning of the policy and render it void.

If, on the other hand, it was not delivered before the property insured was burned to take effect as a mortgage against either Clarke or his wife, but was placed in the custody of the president of the bank only to be held as a matter of convenience until it should be signed by Mrs. Clarke, then

it would not be a mortgage within the meaning of the policy and would not avoid it.

If the mortgage had not been delivered before the destruction of the property, so as to be binding upon Clarke, his wife signing it afterwards would not give it effect so as to make it avoid the policy.

The judgment is reversed and the cause is remanded.

*Reversed and remanded.*

Delivered December 5, 1890.