THE FIRE ASSOCIATION OF PHILADELPHIA v. MARY L. FLOURNOY.

No. 7210.

1.   Insurance Policy—Change in Title of Property.—In an insurance policy it was stipulated, "that if any change takes place in the title, interest, or possession of the property except by reason of the death of the assured, whether by sale, transfer, or conveyance in whole or in part, the policy shall become void." The assured executed an instrument February 1, 1888, purporting to be a lease of the insured property for three years, but in the instrument was the following clause: "It is further hereby expressly understood and agreed by and between the parties to this contract, that should the party of the second part (the lessees), on or before November 3, 1888, pay party of the first part an additional sum of $26.85, then and in that case the party of the first part doth hereby sell, transfer, and convey unto the party of the second part the absolute title and ownership of all of said furniture and property." Possession was changed, and the agent of the insurance company had notice of the lease, but had never seen the instrument, and it was not of record. *Held:*

1.   The transaction showed a change in the title of the property within the conditions of the policy.

2.   Notice of the change of possession and of the lease did not impart or charge notice of the sale evidenced by the instrument.

3.   The instrument effected a conditional sale of the insured property, and avoided the policy.

2.   New Contract by Transfer of Policy.—It seems that the consent of the insurance company to a transfer of the policy creates a new obligation with the insurance company where there has been a previous forfeiture only where the assignee is ignorant of the forfeiture, or of the facts from which the forfeiture resulted. In this case the assignee was charged with notice of all the facts.

APPEAL from Cooke. Tried below before Hon. D. E. BARRETT. No statement is necessary.

*Leake, Shepard & Miller,* for appellant.—1. The so-called lease of the furniture was in fact a conditional sale, and passed the title to Tinkle & Black, subject to the lien for the purchase money. Knittel v. Cushing, 57 Texas, 354; Heryford v. Davis, 102 U. S., 235; Harkness v. Russell, 118 U. S., 680; Stadtfield v. Huntsman, 92 Pa. St., 53.

2. The conditional sale by Brady Bros. to Tinkle & Black violated the condition of the policy against alienation, and rendered it void before its assignment to appellee, and no act was done by appellant which could estop it to make this defense. When the assignment of the policy by Brady Bros. to appellee was agreed to, it was upon the belief that Brady Bros., the absolute owners of the property, had transferred the same to appellee.

3. The statement made by Brady to Wood as agent of the appellant, that Brady Bros. had leased the insured property to Tinkle & Black, did not put the company upon notice of the existence of the conditional sale. Dickey v. Henoire (Ore.), 15 Pac. Rep., 464.

*Potter, Potter & Eddleman,* for appellee.—1. The agent of the insurance company had such notice as would put a prudent man upon inquiry that would lead to actual notice of the terms of the lease, when the consent to transfer was given. Littleton v. Giddings, 47 Texas, 112; Powell v. Haley, 28 Texas, 52; 1 Jones on Mort., secs. 593, 594, and note; 2 Dev. on Deeds, sec. 756.

Notice of a deed is notice of its contents. 1 Jones on Mort., sec. 593.

Notice of a mortgage or other lien is notice of the amount and terms of the same. 2 Dev. on Deeds, 756, and note.

"Notice of a lease is notice of all covenants and provisions contained in it." 1 Jones on Mort., sec. 593; Taylor v. Stibbert, 2 Ves. Jun., 437.

2. It is said there can not be an estoppel in this case, because the agent did not know of sufficient facts, and did nothing leading the insured to believe that the policy was still in full force and effect. The agent knew of the change of possession, of the lease, and of the manner in which the property was being handled, and consented thereto. It is not easy to see how the agent could do more, or give greater assurances that the policy remained valid, and it is believed that no court has ever held the contrary. Horst v. Ins. Co., 73 Texas, 67; May on Ins., sec. 282; Keys v. Ins. Co., 41 N. W. Rep., 614; Wood on Ins., sec. 402, pp. 672, 834, and note.

3. The company having indorsed in writing upon the policy its consent to the transfer of the same from Brady Bros. to the appellee, thereby waived any prior forfeiture of the policy, and such action created a new obligation to the assignee. Ellis v. Ins. Co., 32 Fed. Rep., 648; May on Ins., secs. 383–385; Hale v. Ins. Co., 32 N. H., 295; Wood on Ins., sec. 109, and note.

4. The contract between Brady Bros. and Tinkle & Black was a lease of the furniture for the period of three years, with the privilege to buy the same for certain consideration at a certain time. Ins. Co. v. Scott, Posey's U. C., p. 535, and cases cited; Ins. Co. v. Gordon, 68 Texas, 144; Wood on Ins., secs. 311, 323, 329, 330, 333; May on Ins., secs. 267, 268, 272; Russell v. Ins. Co., 4 L. R. A., 538–541, and note; Nussbaum v. Ins. Co., 37 Fed. Rep., 524; Ins. Co. v. Helfenstein, 40 Pa. St., 289; Ins. Co. v. Ins. Co., 28 Barb., 116; 30 N. H., 231; 13 Gray, 431; 17 Ohio St., 432; 21 Iowa, 185.

Clauses against alienation in policies of insurance will be strictly construed, and no liberal intendments and enlarged constructions will be indulged. 52 Ill., 53; 5 Pick., 76; 32 N. Y., 405.

FISHER, JUDGE, *Section B.*—January 8, 1889, appellee instituted this suit against appellant upon a policy of insurance issued by appellant to Brady Bros., December 21, 1887, and running one year from date, for $1000, covering certain household furniture and property in a building used as a hotel in the city of Gainesville. October 1, 1888, the policy was by consent of appellant's agent assigned to appellee by Brady Bros. The property was destroyed by fire October 20, 1888.

The appellant, with other issues presented in its answer, pleaded that the policy sued on contained a stipulation to the effect, "that if any change takes place in the title, interest, or possession of the property, except by reason of the death of the assured, whether by the sale, transfer or conveyance, in whole or in part, the policy shall become void," and that in violation of such stipulation Brady Bros., about January 31, 1888, without the consent of appellant, transferred the property covered by the policy to a firm composed of Tinkle & Black, who immediately took possession of the property, and that when the policy was assigned to appellee by Brady Bros. with the consent of appellant it did not know that the said Brady Bros. had sold or contracted to sell the property covered by the policy to Tinkle & Black; that by reason of the breach of such condition in the policy it is void.

Appellee, in reply to these averments in the answer, alleges, "that the property was not sold or transferred to Tinkle & Black by Brady Bros., but that it was simply leased to them, and that Tinkle & Black did not claim to own any interest in said property; that the appellant at the time of the transfer of the policy to appellee, and before, had full notice and knowledge of the fact of such lease, and consented to the assignment thereof with full knowledge of the lease."

The court below rendered judgment in favor of appellee for the full amount of the policy.

The first assignment of errors complains of the following charge given by the trial court:

" 'But if you shall believe from the evidence that the defendant, or its agents, C. H. Wood & Co., knew of the terms of said agreement or contract between Brady Bros. and Tinkle & Black, and made no objection to the same, but permitted Brady Bros. and the plaintiff to continue said policy in force, and did any act calculated to induce the belief that it consented to such change, then the defendant would not be permitted to claim an avoidance of the policy sued on.' Because the said charge is not applicable to the evidence before the jury, there being no evidence whatever that the defendant or its agents had any notice of the terms of said contract, or that it did any act calculated to induce a belief that it consented to a change in the title of the insured property."

It appears from the evidence, that on the 31st day of January, 1888, Brady Bros. and Tinkle & Black entered into a written contract, in consideration of $400 paid to Brady Bros. and other payments to be made by Tinkle & Black, whereby Brady Bros. leased to Tinkle & Black for the term of three years, commencing February 1, 1888, all the property covered by the policy. The agreement states the time and amount of each subsequent payment, and contains this stipulation: "It is further hereby expressly understood and agreed by and between the parties to this contract, that should the party of the second part, on or before November 3, 1888, pay to the party of the first part an additional sum of $26.85, then and in that case the party of the first part doth hereby sell, transfer, and convey unto the party of the second part the absolute title and ownership of all of said furniture and property."

By the terms of the policy it is provided, "that if any change takes place in the title, interest, or possession of the property, except in case of succession by reason of the death of the assured, whether by sale, transfer, or conveyance in whole or in part," etc., it shall become void.

The court instructed the jury, that the contract between Brady Bros. and Tinkle & Black created a change in the title to the property. We think this a proper construction of the contract. Ins. Co. v. Clarke, 79 Texas, 24; Smith v. Ins. Co., 23 Pac. Rep., 384. Although the contract rendered the policy void, the appellee contends that appellant is estopped from asserting such fact, because it knew of the change of possession of the property and the terms of the contract when it assented to the transfer of the policy to appellee.

The evidence shows that the contract was not recorded; and it further appears, that at the time the policy was assigned to appellee and consented thereto by appellant, it, through its agents, had notice and knowledge of the fact that there was a change in the possession of the property, and that the same was in the possession of Tinkle & Black,

and it had been informed that Tinkle & Black held the property under a lease from Brady Bros.   The instrument creating the lease was never exhibited to any of the agents of appellant, nor were the terms and conditions stated to them.   The evidence does not show that any such agents knew of the terms of the contract creating a conditional sale of the property to Tinkle & Black.   They received no information as to this stipulation in the contract.   Appellee seeks to avoid the effect of the want of notice upon the part of the agents of appellant of that part of the contract that creates a conditional sale, by contending, (1) that the evidence shows that the parties to the contract simply intended it to operate as a lease, and that it was not intended that any title to the property should pass by virtue of the contract, and that appellant having notice of the lease, the estoppel would operate; (2) that although the contract may in part create a conditional sale of the property, the appellant, having notice that the property was held under a contract of lease, is chargeable with notice of all the terms and conditions of the contract entered into between the parties; that notice of the existence of the contract of lease puts appellant upon inquiry as to the stipulations creating the conditional sale.

We think that neither of these positions is tenable.   There is not about this contract any ambiguity or uncertainty that requires explanation.   It in unequivocal terms transfers the property therein described to Tinkle & Black, upon their complying with certain conditions concerning the terms of sale.   The legal effect of this instrument declares its purpose, and in a controversy between the parties to the contract, were its terms sought to be enforced, the law would not permit parol evidence to give it a different effect than its terms import.   Further upon this point, we think the evidence shows that the parties understood that if Tinkle & Black complied with the contract and made the payments agreed upon, they would become the owners of the property.   This, we think, is a fair construction of the entire evidence offered by the witnesses upon this subject.

The fact that the appellant was informed of the existence of the lease would not put it upon inquiry to ascertain the existence of another right or interest that the lessees may have in the property.   The only effect of this information would be to put appellant upon notice of the existence of the lease and of all the terms and conditions necessary and usual contained in instruments creating such estates.   He would not be expected to examine such an instrument to ascertain if it passed fee simple or conditional title to the property described.   Where the party states and names the right under which he holds, such information will not excite inquiry as to any other or different right.   Dickey v. Henoire, 15 Pac. Rep., 464.   We do not believe that the facts justified the charge complained of, and for this reason we reverse and remand the case.

Appellee insists, that the consent by appellant to the transfer of the policy was a waiver of any prior forfeiture of the policy by reason of the contract between Brady Bros. and Tinkle & Black, and that such consent created a new obligation to the assignee.

Without deciding whether the consent by the insurance company to the transfer of the policy constitutes within itself a sufficient consideration for a promise creating a new obligation, and without deciding what would be the effect of the consent to the assignment of the policy in creating a new obligation upon the part of the insurance company, we do not think that the facts bring this case within the reason of the rule announced in those cases that regard such consent as creating a new obligation upon the part of the insurance company.    Ellis v. Insurance Company, 32 Federal Reporter, 646, and other cases that hold that such consent to the transfer of the policy creates a new obligation with the insurance company where there has been a previous forfeiture, rest upon the ground, that the assignee was ignorant of the forfeiture or the facts from which the forfeiture resulted.   Such is not the case here.   It appears that Brady Bros., at the time the policy was assigned, also transferred to appellee by a written indorsement on the contract all his right and interest in the contract.   This transfer of the contract and property therein described to appellee was effected by Tinkle as the agent of appellee.   Tinkle also, as the agent of appellee, obtained a transfer of the policy to appellee and the consent of the insurance company thereto.   Tinkle, when acting as the agent of appellee in these matters, had actual knowledge of the tenor of the contract between Brady Bros. and Tinkle & Black, and of the forfeiture and facts that occasioned it.   The knowledge and notice of Tinkle under the circumstances is chargeable to appellee.

We conclude the case should be reversed and remanded, and so report it.

*Reversed and remanded.*

Adopted May 17, 1892.

A motion for rehearing was refused.