PENNSYLVANIA FIRE INS. CO v. STOCK-
STILL. (No. 5800.)

(Court of Civil Appeals of Texas. Austin.
Oct. 3, 1917. On Motion for Rehearing,
Oct. 31, 1917.)

1. ESCROWS ⬳12 — DELIVERY — PASSING OF
TITLE.

A deed deposited in escrow does not be-
come operative, and passes no title, until the
condition has been performed or the event has
happened upon which it is to be delivered to the
grantee.

2. INSURANCE ⬳328(2)—FIRE INSURANCE—
UNCONDITIONAL AND SOLE OWNERSHIP—DE-
LIVERY OF DEED IN ESCROW.

Where the vendor, who delivers a deed in
escrow, has a fire policy on the house on the
premises, which is destroyed by fire before the
conditions of the escrow are performed by the
grantee, the hazard from the fire not being in-
creased, the right to recover on the fire policy
is not forfeited, under its clause requiring un-
conditional and sole ownership.

On Motion for Rehearing.

3. INSURANCE ⬳654(1) — FIRE INSURANCE —
UNCONDITIONAL OWNERSHIP — CHANGE OF
TITLE—EVIDENCE.

In an action on a fire policy requiring un-
conditional and sole ownership by plaintiff, ven-
dor of the land, who delivered deed thereto in
escrow, change of possession of the property
from one tenant to another, the house having
been occupied by a tenant when the deed was
delivered, and so occupied when the fire occur-
red, was immaterial, except so far as throwing
light on the issue of change of title.

Appeal from District Court, Brown Coun-
ty; John W. Goodwin, Judge.

Action by F. H. Stockstill against the
Pennsylvania Fire Insurance Company.
From judgment for plaintiff, defendant ap-
peals. Affirmed.

Crane & Crane, of Dallas, for appellant.
Wilkinson & McGaugh, of Brownwood, for
appellee.

Findings of Fact.

JENKINS, J. There is no contradiction
in the testimony in this case. The evidence
shows that appellee was the owner of a house
and lot in Brownwood. Mrs. Emma Mayes,
a feme sole, and Mrs. Flora Bowles, wife of
Ernest Bowles, owned a farm in Brown coun-
ty. J. L. Ellis, a land agent, acting for both
parties, negotiated an agreement for the ex-
change of their holdings. Appellee's attor-
neys, upon examining the abstract to the
farm, objected to the title, in that it did not
appear that a certain vendor's lien note
against the same had been paid, or that the
lien had been released, and also that the
deed to Mrs. Mayes omitted one of the calls
in the field notes. At the request of Ellis,
and upon his assurance that the deed would
not leave his hands until those defects were
remedied, appellee, on October 15, 1915, ex-
ecuted a deed to Mrs. Mayes and Mrs. Bowles
to the town lot, and deposited the same with

Ellis, to be held in escrow until said defects
were cured.

Appellee owed about $200, secured by a
mortgage on his lot. Mrs. Mayes and Mrs.
Bowles, joined by her husband, on the date
above stated executed a deed to the farm,
and deposited the same with Ellis, to be held
in escrow, and not to be delivered until the
mortgage on the lot was released.

In anticipation that these defects would
be cured, appellee put a party in possession
of the farm, telling him that he had condi-
tionally traded for it, and agreeing with him
as to the rental for the ensuing year, in the
event the trade was consummated, inform-
ing him that, if the trade was not consum-
mated, he would have to look to Mrs. Mayes
for a rental contract. This contract was
upon the usual terms—a third of the grain
and a fourth of the cotton. The tenant went
into possession December 28, 1915.

Ellis collected the rent on appellee's house
for one month, and paid the same to Mrs.
Mayes. It was in contemplation of all par-
ties that this rent should be paid over to ap-
pellee if the deal was not consummated.

None of the conditions upon which Ellis
was to deliver the deeds to the respective
parties were complied with, and he never
delivered either of said deeds.

The house on appellee's lot was insured by
appellant for $1,000, and the same was to-
tally destroyed by fire on January 2, 1916.
The policy contained, among others, the fol-
lowing stipulations:

"The entire policy, unless otherwise provid-
ed by agreement indorsed hereon or added here-
to, shall be void * * * if the interest of the
insured be other than unconditional and sole
ownership; * * * or if the subject of insur-
ance be a building on ground not owned by the
insured in fee simple; or if any change other
than by the death of the insured take place in
the interest, title, or possession of the subject
of insurance (except change of occupancy with-
out increasing hazard), whether by legal process
or judgment or by voluntary act of the insured
or otherwise."

Upon the conclusion of the evidence the
appellant requested the court to instruct the
jury to return a verdict for defendant, and
excepted to the refusal of the court to give
said charge. The court peremptorily instruct-
ed a verdict for plaintiff, to which appellant
duly excepted.

Opinion.

[1, 2] The defense in this case was that
there had been a change in ownership and in
possession previous to the fire. A deed de-
posited in escrow does not become operative,
and passes no title, until the condition has
been performed, or the event has happened
upon which it is to be delivered to the gran-
tee. R. C. L. 627; 16 Cyc. 567–578; 11 Am.
& Eng. Enc. of Law, 348; Insurance Co. v.
Nowlin, 56 S. W. 198; Calhoun County v. Em-
igrant Co., 93 U. S. 124, 23 L. Ed. 828. We

quote from the authorities above cited as follows:

"The rule is established by repeated decisions that, when a deed is delivered in escrow, nothing passes by the deed, unless the condition is performed." Calhoun County Emigrant Co., supra.

"There is no change in the title or right of possession to the property, although the purchaser occupies it with the consent of the vendor in anticipation of completing the contract of sale and purchase. So when, in such case, the vendor has a fire insurance policy on a house situated on the premises, and the house is destroyed by fire while so occupied, and before the conditions of the escrow are performed, the hazard from the fire not being increased, the right to recover on the contract of insurance is not forfeited." R. C. L. 628.

There was no evidence of any change of possession which increased the hazard. The house was occupied by a tenant when the deed was delivered in escrow, and it was so occupied when the fire occurred. This case is to be distinguished from cases where the grantee obtained an equitable title, or was in position when the loss occurred to have enforced specific performance of a contract to convey.

No error appearing of record, the judgment of the trial court is affirmed.

Affirmed.

### On Motion for Rehearing.

[3] Appellant insists that this case should be reversed on account of the change of possession. The change of possession was immaterial, except so far as it threw light upon the issue as to change of title. Appellant cites Fire Association v. Flournoy, 84 Tex. 632, 19 S. W. 793, 31 Am. St. Rep. 89. There was no escrow in that case. The issue was as to whether there was a lease or sale of the property. We quote as follows:

"The court instructed the jury, that the contract between Brady Bros. and Tickle & Black created a change in the title to the property. We think this a proper construction of the contract." 84 Tex. 635, 19 S. W. 794, 31 Am. St. Rep. 89.

In Insurance Co. v. Clarke, 79 Tex. 25, 15 S. W. 166, 11 L. R. A. 293, cited by appellant, the court said that, if the mortgage was deposited in escrow until the wife's signature could be obtained, it did not take effect as a mortgage.

Motion overruled.