**WHITEHEAD v. HARTFORD FIRE INS. CO. (No. 2575.)**

(Court of Civil Appeals of Texas. Amarillo. Jan. 6, 1926.)

Insurance ⬅➡328(2)—Sale contract and partial payments by purchasers, without delivery of deed, held to constitute change of ownership, voiding policy.

Where insured executed a contract of sale of property and deed, and placed both in es-crow, partial payments on contract made purchasers equitable owners of premises, though deed was never delivered, and constituted such a change in interest of insured as to be within prohibition of policy against change of ownership, and therefore render policy void as to insured.

Appeal from District Court, Lynn County; Clark M. Mullican, Judge.

Suit by A. E. Whitehead against the Hartford Fire Insurance Company. Judgment for defendant, and plaintiff appeals. Affirmed.

G. E. Lockhart and Bishop, Witcher & Matney, all of Lubbock, for appellant.

Thompson, Knight, Baker & Harris, of Dallas, and Roscoe Wilson and Richard L. Douglas, both of Lubbock, for appellee.

RANDOLPH, J. This suit was instituted by Whitehead against the named insurance company for recovery on an insurance policy for $1,000. This policy was originally issued to one Harrington, and covered improvements on lot No. 12, in block No. 94, in the town of Slaton, Tex., and upon the purchase of said property by the appellant from Harrison it was duly transferred by Harrington to the appellant. On July 2, 1923, appellant entered into a contract in writing with one W. M. Cunningham for the sale of the property to him, which contract is in words as follows:

"State of Texas, County of Lubbock.

"This contract, made and entered into this the 2d day of July, 1923, by and between A. E. Whitehead, hereinafter called party of the first part, and W. M. Cunningham, hereinafter called party of the second part, both of Slaton, Lubbock county, Tex., to wit, witnesseth: That for and in considerations hereinafter expressed party of the first part has this day sold to said party of the second part the following described property: All of lot twelve (12) in block ninety-four (94), in the original town of Slaton, Lubbock county, Texas—for a total consideration of $1,250; and said party of the second part hereby agrees to pay for said property as follows: $25 cash in hand paid, and the execution of one vendor's lien note in the sum of $1,225, on which one payment of $25 is to become due on July 15, 1923, and one payment of $25 due on August 1, 1923, and $25 payable on the 1st day of each month thereafter until the entire amount has been paid. Said note is to bear interest from date at 10 per cent. per annum, payable on January 1st of each year.

"Said first party is to place in the First State Bank of Slaton warranty deed in favor of said second party, together with abstract, which is to be attached to the note, and when the note has been paid in full, with all interest, the First State Bank is hereby authorized to deliver to said party of the second part, or to his assigns, the deed and abstract, but not until the note is fully paid. Both parties hereto are to be present when the deed and abstract is delivered, and it to be agreeable to both parties concerned."

═══

In conformity with this contract, the deed and note were executed and placed, with a copy of the contract, in the First State Bank of Slaton, Tex., to be delivered under the provisions of the contract. Cunningham retained a copy of the contract and made three payments of $25 on it, and on August 31, 1925, assigned the contract to J. C. Powers, who moved upon the premises and made two $25 payments under the contract. On October 20, 1925, the premises were destroyed by fire while occupied by Powers. No actual delivery of the deed was made to either purchaser, but after the fire, at the request of appellant, the sales contract was delivered to him by the bank.

The controlling, and practically the only, question presented by the appeal in this case, is presented by that term of the policy which is specially pleaded as a defense by the defendant below. This provision of the policy is as follows:

"This entire policy, unless otherwise provided by agreement indorsed hereon, or added hereto, shall be void, if the interest of the insured in the property be other than an unconditional and sole ownership, or if any change other than by the death of the insured take place in the interest, title, or possession of the subject of insurance (except change of occupants without increase of hazard), whether by legal process or judgment, or by voluntary act of the insured, or otherwise."

Upon this statement of the case, the trial court concluded that the contract and deed executed by plaintiff in favor of Cunningham, which was placed in escrow in the bank, to be delivered subject to the performance of certain stipulated conditions by Cunningham, constituted a transfer of equitable title from Whitehead to Cunningham; that the vesting of such equitable title in Cunningham, which was afterwards transferred to Powers, came within the meaning of that certain clause in said policy, to wit, "or if the interest of the insured in the property be other than unconditional and sole ownership," and therefore rendered said policy void as to recovery thereon by said Whitehead. These conclusions are assigned as error by appellant. To sustain his contentions the appellant cites the following authorities: 1 Devlin, p. 568; Dyson v. Bradshaw, 23 Cal. 528, 536; Smith v. South Royalton Bank, 32 Vt. 341, 347, 76 Am. Dec. 179; American Cent. Fire Ins. Co. v. Arndt et al., 129 Ark. 309, 195 S. W. 1075; Calhoun County v. Emigrant Co., 93 U. S. 124, 23 L. Ed. 826.

We do not think that the cases cited support appellant's contention in this case. While it is true that the deed and contract were placed in escrow in the bank, the contract having been partially performed by the purchasers, this part performance changed the character of the rights of the parties thereunder. By their payments, the purchasers became the owner of an equitable interest in the premises, even if the rule should be invoked that an instrument, placed in escrow and awaiting performance of a condition precedent, conveys no title, legal or equitable. Especially is this true in view of there being no provision for forfeiture in the contract, in the event of nonperformance by the purchaser. Under the facts in the case, the seller could not arbitrarily refuse to proceed with the sale upon tender by the purchasers of performance. Again, by the terms of the contract, the purchaser was required to take out the proper insurance in some reliable company, payable to the holder of the note which retention of a lien was to secure. Fire Ass'n of Philadelphia v. Perry (Tex. Civ. App.) 185 S. W. 375; East Texas Fire Ins. Co. v. Clarke, 79 Tex. 23, 15 S. W. 166, 11 L. R. A. 293; Fire Ass'n of Philadelphia v. Flournoy, 84 Tex. 632, 19 S. W. 793, 31 Am. St. Rep. 89; Liverpool & London & Globe Ins. Co. v. Ricker, 10 Tex. Civ. App. 264, 31 S. W. 249, writ denied.

We therefore hold that there was such change in the interest of the insured as would bring it under that term of the contract of insurance prohibiting such change of ownership, as above set out, and therefore affirm the judgment of the trial court.