## HARTFORD LIVE STOCK INS. CO. v. CARLISLE. (No. 3680.)

Court of Civil Appeals of Texas. Texarkana. April 4, 1929.

Thompson, Knight, Baker & Harris and Dwight L. Simmons, all of Dallas, for plaintiff in error.

Wynne & Wynne, of Kaufman, for defendant in error.

HODGES, J. This suit originated in a justice court and is an action on a live stock insurance policy. The subject-matter of the insurance was a registered bird dog, valued at $150. The policy was issued to the defendant in error, Carlisle, who at that time was the owner of the dog. The dog died in October, 1922, while in the possession of R. E. Day, who then claimed it under a contract of purchase from Carlisle. This appeal is from a judgment in favor of Carlisle for the full amount of the policy. The policy contained, among other provisions, the following: "This entire policy, unless otherwise provided by endorsement hereon or added hereto, shall be void if the interest of the assured be other than unconditional and sole ownership, or if this policy be assigned before a loss; and shall be void as to any animal insured hereunder if such animal is or becomes encumbered by a chattel mortgage, or if such animal become the subject of litigation, or if the title to such animal be in dispute, or if any change other than by death of the assured take place in the interest, title or possession of such animal, whether by legal process or judgment or by voluntary act of the assured or otherwise."

The proof shows that in the summer of 1922 Carlisle contracted to sell the dog to Day for the sum of $100. Day agreed to buy the dog if he could get a transfer of the insurance policy. The purchase price, $100, was paid, and Day took possession of the dog and carried it to his home in Conroe, where it remained till it died several months later. At the time this sale contract was made the parties requested Moore, the local agent of the insurance company, to have the insurance transferred to Day. Moore had no authority to make such transfer, and could only send the policy to the main office of his company at Atlanta, Ga., with request for the transfer. That was done by him, but for some reason not shown by the record the transfer was never made by the company.

After the death of the dog, Day made application for the amount due on the policy, but his claim was refused upon the ground that he was not the holder of the policy. He then filed suit against Carlisle for a rescission of the contract of sale and for a recovery of the purchase money which he had paid. That suit resulted in a judgment in favor of Day, but the judgment was still unsatisfied at the time of the trial.

The plaintiff in error contends that the court erred in rendering judgment against it, because the undisputed evidence shows that there was a change in the interest and title of Carlisle to the dog, resulting from the contract of sale made with Day, and for that reason the policy was void under the provisions previously quoted. We are of the opinion that this contention should be sustained. Conceding that the sale was a conditional one, it vested in Day an interest in the dog, with the exclusive right of possession. What Day obtained in that transaction Carlisle had parted with. The stipulation for the transfer of the insurance policy was for Day's benefit, and might have been waived by him. The terms of the sale were fully agreed upon, the consideration was paid, and possession of the property was delivered to the purchaser. The transaction was so far completed that it required a rescission to restore the parties to their original status. In other words, Carlisle had parted with all right to the dog and to the policy of insurance. London Assur. Corp. v. Dean (Tex. Civ. App.) 281 S. W. 624; Fire Ass'n of Philadelphia v. Flournoy, 84 Tex. 632, 19 S. W. 793, 31 Am. St. Rep. 89.

The evidence also shows that the provisions of the policy relating to proof of loss were not complied with, and no sufficient reason is given for the failure to do so.

The judgment will therefore be reversed, and judgment here rendered in favor of the plaintiff in error.