### BORGER v. MORROW.

### No. 3871.

Court of Civil Appeals of Texas. Amarillo.

Nov. 11, 1935.

See, also (Tex.Com.App.) 82 S.W.(2d) 944.

G. C. Harney, of Borger, for appellant.

H. M. Hood and Jos. H. Aynesworth, both of Borger, for appellee.

JACKSON, Justice.

The appellant, L. A. Borger, instituted this suit in the district court of Hutchinson county against the appellee, Wright Morrow, receiver for the Security Union Insurance Company, on a fire insurance policy alleged to have been issued by the company to the appellant.

He pleaded that on January 25, 1931, the appellee company issued the policy, by the terms of which it agreed if "a certain Hudson Super-Six Roadster automobile, Model 1929, Motor No. 795819, Serial No. 26424, was destroyed by fire," that it would pay him the sum of $1,160, and that thereafter, on March 10, 1930, the automobile was so destroyed.

The appellee answered by general denial, alleged that the car owned by appellant was not a 1929 model, with motor No. 795819, but was a 1928 model, motor No. 508613, a different, older, and inferior machine to that described to the company and covered by the policy issued.

That the policy contained warranties that: "The assured's occupation or business, where the subject of this insurance is used in connection therewith, the description of the car insured, the facts with respect to the purchase of same, the use to which it is and will be put, and the place where it is usually kept, as set forth and contained in this policy are statements of fact known to and warranted by the assured to be true, and this policy is issued by the Company relying upon the truth thereof."

That the policy also contained this clause: "This entire policy shall be void unless otherwise provided by agreement added thereto: (a) If the interest of the assured in the subject of this insurance be or become other than unconditional and sole owner; or in case of transfer or termination of the interest of the assured other than by death of the assured; or in case of any change in the nature of the insurable interest of the assured in the property described herein, either by sale or otherwise."

It pleaded the effect of these provisions; that appellant had sold and delivered the

machine to Bob Ayres, who took and had possession thereof on the date of the alleged fire on March 10, 1930; that by reason of the material statements made, upon which it relied and which were untrue, and the breach of the absolute and unconditional ownership clause, the appellee was not liable.

In a supplemental petition, in reply to appellee's answer, the appellant pleaded a general denial, admitted that the motor number in the policy was as alleged by appellee, and was not the motor number of the car covered, but said he did not know how this discrepancy occurred.

At the close of the testimony the court peremptorily instructed a verdict for appellee, entered judgment thereon, and it is of this action that complaint is made.

The policy was introduced, and contained the provisions above quoted. The testimony discloses that the car destroyed by fire was not a 1929 model, motor No. 795819, as described in the policy, but was a 1928 model, motor No. 508613; that the description of the car from which the policy was written was furnished the agent of appellee by appellant; that the market value of the machine destroyed and its insurance value were less than a 1929 model; that a different premium for the insurance prevailed, and had appellee known that the car was a 1928 instead of a 1929 model, it would not have issued the policy here involved.

Whether this misdescription was made intentionally or in good faith is immaterial. In Automobile Owners' Ins. Ass'n v. Hennessy (Tex.Civ.App.) 299 S. W. 281, 282 (writ denied), the court said: "It conclusively appears in this case that the representation in the statement was that the model and style of the body of the car were '1921, touring.' The statement was material to the risk and the rate of premium to be charged, as proved. The model of the car, as shown by all the evidence, was 1919. The appellee undertakes to excuse the representation that the car was a 1921 model upon the ground that the bill of sale that he took showed the car to be a 1921 model. He admitted that he had no other information or knowledge as to the model than that stated in the bill of sale. * * * The good faith of appellee, as shown in making the representation of fact was an insufficient reply to the defense. The fact represented must be shown to be true." See, also, Trinity Universal Ins. Co. v. Winter et al. (Tex.Civ. App.) 67 S.W.(2d) 926.

The testimony shows that prior to the fire the appellant, on January 29, 1930, entered into a contract for the sale of the machine to Bob Ayres; that by the terms of the contract the down payment was to be approximately $400 paid part in cash and part by credit on a debt due Ayres by appellant; that Ayres executed a mortgage to appellant for the deferred payments, containing the terms and conditions of the sale, which instrument was placed of record; that possession of the car was delivered to Ayres, who removed it from Hutchinson to Moore county, secured a license in said last county in his own name as owner of the machine, used the car, and had possession thereof at the time it was destroyed by fire.

The appellant contends that this was not a sale because it was agreed that before the consummation thereof Ayres was to make the down payment of $400, which he claims was never made. The testimony indicates that appellant credited on this down payment the amount of indebtedness he was due Ayres, but that no cash was paid. Mr. Ayres testified that he was still obligated to pay for the car if appellant failed to recover on the policy sued on.

The appellant had not executed a bill of sale to Ayres covering the title of the car, but this was not necessary to pass title. Fidelity Union Fire Ins. Co. v. Ballew-Satterfield Co. (Tex.Civ.App.) 10 S.W.(2d) 163. Neither was it essential that title to the automobile pass from appellant to Ayres in order for appellee to avail itself of the unconditional ownership clause of the policy as a defense. A conditional sale or any transaction that affected absolute and unconditional ownership came within the inhibition of the policy. Continental Ins. Co. v. Michaels (Tex.Civ. App.) 13 S.W.(2d) 465; Hartford Live Stock Ins. Co. v. Carlisle (Tex.Civ.App.) 16 S.W.(2d) 297; Concordia Fire Ins. Co. of Milwaukee v. McCarty Motor Co. (Tex. Civ.App.) 45 S.W.(2d) 446, 447.

Since, under the undisputed facts, appellant was not entitled to recover, the court correctly directed a verdict in behalf of appellee.

The judgment is affirmed.