## CLYNCH v. BOWERS et al.
### No. 5443.

Court of Civil Appeals of Texas. Amarillo.

Sept. 7, 1942.

E. A. Blair, of Lubbock, for appellant.

McClintock & Robertson and Mahan & Broughton, all of Childress, for appellees.

JACKSON, Chief Justice.

Plaintiff, R. A. Bowers, instituted this suit in the County Court of Childress County against the defendants, H. G. Jay, R. C. Nichols and V. L. Clynch, to recover on a note executed by Jay and to foreclose a chattel mortgage against all the defendants on certain personal property. He alleged that H. G. Jay on July 1, 1941, executed an installment note for the sum of $624, payable to him in monthly installments of $52 each, and to secure the payment thereof executed a chattel mortgage of even date with the note, creating a valid lien on one 1938 Dodge truck, Motor No. T41—2710, License No. 333—443, weight 2,500 pounds, and one home built trailer, License No. 22—996, length 25 feet, with stock and grain sideboards. He alleged his mortgage was valid and a first lien on the truck and trailer; that Jay had defaulted in the installment payments; that plaintiff had declared all of the debt due and asked for judgment on the note against Jay and the foreclosure of his mortgage against Jay and the other two defendants, R. C. Nichols and V. L. Clynch, the last two of whom he asserted were claiming some interest in the truck and trailer but such pretended interest was inferior and subordinate to his mortgage lien.

The defendant, H. G. Jay, answered by general demurrer and general denial.

The plaintiff dismissed his suit against R. C. Nichols.

The defendant, V. L. Clynch, answered by general denial and by way of cross-action pleaded that on June 27, 1941 defendant Jay executed and delivered to him

an installment note in the sum of $357 for the purchase price of the truck and trailer involved in the controversy, payable in monthly installments of $25 each; that on even date with the note Jay executed and delivered to him a chattel mortgage on the truck and trailer described in plaintiff's petition which was filed in the records of Childress County on June 30, 1941, and therefore was superior to the mortgage of plaintiff Bowers who had actual knowledge of the lien of defendant Clynch.

In a supplemental petition Bowers pleaded general and special denial as to notice of the note and mortgage to Clynch; asserted that his note was for a loan by which he furnished money to defendant Jay to pay defendant Clynch the purchase price of the truck and trailer; that Clynch came to him with Jay and assisted in negotiating the loan from plaintiff and stated the loan would fully pay and discharge all of the claims he held against the truck and trailer, and but for which false representation he would not have made the loan to Jay, who paid Clynch the amount thereof.

On special issues submitted by the court the jury found that on June 27, 1941, the defendant Jay executed a note to defendant Clynch for the sum of $627, payable in monthly installments of $52.25 each and a chattel mortgage on the truck and trailer involved to secure the payment thereof; that on the same day said note and mortgage were delivered to V. L. Clynch, but that R. A. Bowers did not have actual knowledge of the existence of said note and mortgage on July 1st when he made the loan to H. G. Jay; that defendant Clynch neither by acts nor by words led R. A. Bowers to believe that his loan to H. G. Jay and his mortgage on the truck and trailer would be a first and prior chattel mortgage lien upon said property; that the note of Clynch had not been changed from the date of its execution; that the truck and trailer were in the possession of Clynch on July 1st when plaintiff Bowers made the loan and issued the check therefor; that the check was delivered to defendant Clynch and Jay was indebted to Clynch for the truck and trailer in the sum of $564.75 and that the trailer was an accessory to the truck.

On these findings and the record the court rendered judgment that R. A. Bowers have and recover of and from the defendant, H. G. Jay, $572 principal and $57.20 attorneys' fee with interest thereon at the rate of 10% per annum until paid and that V. L. Clynch have and recover of and from the defendant, H. G. Jay, the sum of $564.75, the balance of the principal of his note and $56.47 attorneys' fee, with interest at the rate of 10% per annum; that R. A. Bowers had and held a first mortgage lien on the truck and trailer and that such lien be and the same is foreclosed; that V. L. Clynch held a second mortgage lien on the truck and trailer and the same be foreclosed "subject to all priority of the above mentioned first mortgage lien of the plaintiff, R. A. Bowers". He ordered the sale of the property, the payment of the debt of the plaintiff, Bowers, and cost of suit and any remainder to be paid to V. L. Clynch.

The appellant assails as error the action of the court in holding that the mortgage of R. A. Bowers was a first and superior lien to his and in rendering judgment for the said Bowers, foreclosing his mortgage as a first lien on the truck and trailer and also he complains of the action of the court in excluding from the testimony his note and mortgage on the objection of appellee that such instruments were not and could not be binding on appellant. This objection was sustained as to the admission of the note and mortgage of appellant against appellee but they were admitted in favor of appellant against the defendant Jay.

The record shows that appellee's note was for the sum of $624, dated July 1, 1941, executed by H. G. Jay and payable to R. A. Bowers; that his mortgage covered "one 1938 Dodge truck, Motor No. T41—20710, License No. 333—443, weight 2,500 pounds. One home built trailer, License No. 22—996, length 25 feet, with stock and grain sideboards. Truck and trailer with 10 wheels. The above described truck and trailer purchased this day from V. L. Clynch"; that appellant delivered to defendant Jay a certificate of title on "one 1938 Dodge truck, Motor No. T41—20710, License No. 333—443, weight 2500 pounds." This certificate disclosed that the truck was purchased from appellant by H. G. Jay, who was the owner thereof. The only mortgage lien shown on the certificate of title was that executed to R. A. Bowers, the appellee, by defendant Jay in the amount of $624; that the note and mortgage held by appellant was dated June 27, 1941; that the mortgage was properly recorded on June 30th thereafter and described the truck and trailer in sub-

stantially the same language as the description thereof heretofore given; that the appellant's mortgage was not noted on the certificate of title but was signed and recorded prior to the one sued on by appellee, who knew that appellant was the owner thereof; that the trailer was home built, 25 feet long, attached to the truck by one bolt, registered separately from the truck, sold under a different bill of sale and was of the value of $400 and the license number thereof was 22—996, and the truck and trailer together had 10 wheels.

On a former opinion we sustained appellant's contention that his mortgage lien was superior to that of appellees and reversed the judgment of the trial court but on his motion for rehearing the appellee calls our attention to the opinion of the Court of Civil Appeals of Fort Worth in Commercial Credit Co., Inc., v. American Mfg. Co. et al., reported in 155 S.W.2d 834, in which the Supreme Court refused a writ of error. Under the law as announced in said opinion we erroneously held that appellee had constructive notice of appellant's mortgage lien under the registration law and therefore held the second and inferior lien on the truck.

The appellant admits that the appellee's mortgage is a first and superior lien on the truck but contends that his lien on the trailer was the superior lien to the mortgage of appellee for the reason that the jury found that the trailer was an accessory and section 1a of article 1436—1 Vernon's Annotated Criminal Statutes, Penal Code, of the State of Texas provides: "The provisions of House Bill No. 407, Chapter 4, Acts of the Forty-sixth Legislature, Regular Session, and as by this Act amended, shall not apply to the filing or recording of a lien or liens which are created only upon tires, radios, heaters, or other automobile accessories. Added Acts 1941, 47th Leg. [H.B. #205], p. 343, ch. 187, § 8."

In our opinion, the trailer under this record, as a matter of law, was not an accessory to the truck. Article 827a, section 1 of Vernon's Annotated Criminal Statutes, Penal Code, defines a "trailer" as a "vehicle", and in article 827b, section 1, says: " 'Motor Vehicle' means every vehicle as herein defined which is self-propelled * * *" and that " 'Trailer' means every vehicle without motive power designed or used for carrying property or passengers wholly on its own structure and to be drawn by a motor vehicle." We think that the section of the article relied on by appellant is to be construed by the ejusdem generis rule.

Corpus Juris, vol. 19, p. 1255, defines ejusdem generis to mean, literally, "Of the same kind or species", which the writer says is: "A well-known maxim of construction to aid in ascertaining the meaning of a statute or other written instrument, the doctrine being, that where an enumeration of specific things is followed by some more general word or phrase, such general word or phrase is to be held to refer to things of the same kind." 28 C.J.S., Ejusdem, p. 1049. This rule is the law of Texas. Maryland Casualty Co. v. Scruggs et al., Tex.Civ.App., 277 S.W. 768, writ refused.

The law, it will be noted, defines a trailer as a vehicle and tells the kind and character of the vehicle. It requires a separate license and number. The mortgage describes the truck and trailer separately as different machines or vehicles. The certificate of title described the truck as a vehicle or independent machine and made no mention of and gave no description of a trailer. Under these facts it is our opinion that the language "automobile accessories" used in section 1a of article 1436—1 cited above, must mean and refer to the same kind of things as tires, radios, heaters, etc., and could not be construed to mean a trailer as defined by the statute; however, this construction of the statute does not require that we hold that appellee had a lien on the trailer superior to the lien held by appellant.

It will be noted that sections 42, 43, 44, and 46 of article 1436—1 say that no lien on any motor vehicle shall be valid against third parties and obviously does not intend to destroy the lien between the original parties thereto. If it should be held that the registration statute is invalid by reason of the provisions of article 1436—1 of the Penal Code under consideration, than neither the appellant nor appellee had a valid lien against the trailer since the trailer was not mentioned in the certificate of title. In our opinion, however, the mortgage given by defendant Jay to the appellant was valid as between them; that the mortgage on the truck was not enforceable between appellant and appellee since appellee was a third party, had no actual notice and appellant's mortgage was not noted in the

certificate of title, but in view of the fact that appellant had the first mortgage valid against Jay and the trailer was not noted on the certificate of title, the appellant was entitled to have his mortgage foreclosed on the trailer.

The motion for rehearing is granted in part, the judgment of the trial court affirmed foreclosing the mortgage of appellee on the truck but is reversed as to the foreclosure of his mortgage on the trailer, appellant's mortgage is decreed to be a valid first lien on the trailer, and judgment is here rendered foreclosing appellant's mortgage thereon. The property is ordered sold as under execution and the proceeds of the sale of the truck paid to the appellee and the proceeds of the sale of the trailer paid to the appellant. Should there be any excess in the proceeds of the sale of the truck such excess shall be paid to the appellant and any excess from the proceeds of the sale of the trailer shall be paid to the appellee, but should the proceeds from the sale of the two vehicles aggregate a sum in excess of the indebtedness of the appellant and appellee such excess should be paid to defendant Jay.

The original opinion is withdrawn, the judgment of the trial court affirmed in part and reversed and rendered in part.