## HICKSBAUGH LUMBER CO. v. FIDELITY & CASUALTY CO. OF NEW YORK.

### No. 11607.

Court of Civil Appeals of Texas. Galveston.

Jan. 27, 1944.

Kennedy & Granberry and F. P. Granberry, all of Crockett, for appellant.

Wood, Gresham, McCorquodale & Martin and Russell Talbott, all of Houston, for appellee.

MONTEITH, Chief Justice.

This action was brought by appellant, Hicksbaugh Lumber Company, as beneficiary under an automobile collision policy issued by appellee, the Fidelity & Casualty Company of New York, to recover damages to a truck and trailer alleged to have been the property of appellant at the time the damages were sustained.

Appellee answered by defensive pleas and exceptions and by a special plea that appellant was bound by the terms of said insurance policy which provided that the liability of the insurance company would cease if the interest of the insured in said equipment became other than unconditional

and sole ownership, or in the case of the transfer and termination of the interest of the appellant, or if there was a change in the nature of the insurable interest in said equipment by sale or otherwise. It denied liability on the ground that, at the time of the damage to said equipment, it had been transferred by appellant to and was in the possession of the Hervey Lumber Company.

In a trial before the court judgment was rendered in favor of appellee and against appellant.

The record shows that, on October 25, 1942, appellee had issued to appellant its policy insuring a Chevrolet truck and trailer against damage or loss caused by accidental collision or upset. On December 5, 1942, appellant entered into a contract to sell said equipment to Hervey Lumber Company for a cash consideration of $1000 and the execution and delivery of a promissory note for the sum of $2500 payable to appellant in 30 days. Said equipment was delivered to Hervey Lumber Company on the date of the purchase and was used by it in its business, but no assignment or transfer of the certificate of title to said equipment was made by appellant to Hervey Lumber Company at that time. On December 10, 1942, while said equipment was in the possession of Hervey Lumber Company and was being driven by its agent, it was damaged in a collision. Appellant assigned and transferred the certificate of title to said equipment to Hervey Lumber Company after the collision had occurred and appellee knew nothing of the dealings between appellant and Hervey Lumber Company until after the collision and damage to said equipment.

The policy of insurance in question contained these provisions:

" * * * this policy shall be void * * * if the interest of the insured in the subject of this insurance be or becomes other than unconditional and sole lawful ownership * * * or in case of transfer or termination of the interest of the insured other than by death of the insured, or in case of any change in the nature of the insurable interest of the insured in the property described herein, either by sale or otherwise. * * *"

The sole question presented in the appeal is whether under the "Certificate of Title Act", Article 1436—1 of the Penal Code, Vernon's Annotated, the sale of said equipment by appellant to Hervey Lumber Com-

pany without the transfer of the certificate of title thereto conveyed such an interest in said equipment as to violate the provisions of said policy of insurance which provided the policy should be void if the interest of the insured in the subject of the insurance should become "other than unconditional and sole ownership", or in case of any change in the nature of the insurable interest of the property, either by sale or otherwise, and which prohibited the transfer or termination of the interest of the insured other than by death.

The Certificate of Title Act, Article 1436—1, Vernon's Annotated Penal Code, was enacted by the legislature of this State in 1939.

Section 27 of said Act requires the procurement of a certificate of title as a condition precedent to the right to transfer a motor vehicle. By the terms of that section such certificate of title is required for motor vehicles "required to be registered or licensed in this State, or any highway or public place within this State."

Section 53 of the Act provides that: "All sales made in violation of this Act shall be void and no title shall pass until the provisions of this Act shall have been complied with."

It was stipulated by the parties that appellant was the owner of said equipment prior to the date of its transfer to the Hervey Lumber Company and that no certificate of title was issued by appellant to Hervey Lumber Company until after the equipment was damaged in said collision.

The legislative intent, as disclosed in section 1 of the Certificate of Title Act, was to lessen and prevent theft and traffic in stolen motor vehicles (Motor Investment Company et al. v. Knox City, Tex.Sup. Court), 174 S.W.2d 482, 483), and not to prevent sales and transfers of interest in motor vehicles. The Act does not prohibit or provide penalties for persons who have transferred interest in motor vehicles without compliance with the provisions thereof.

Section 53 of the Act provides that all sales made in violation of the Act shall be void and that *no title* (emphasis ours) shall pass until the provisions of the Act have been complied with. The Act does not provide that *no interest* (emphasis ours) in the motor vehicle shall pass until the provisions of the Act have been complied with.

■ The policy of insurance under consideration in this appeal provides that liability under the policy shall cease if the "interest", not "the title", of the insured in the subject matter of the insurance be or become other than unconditional and sole lawful ownership.

The word "interest" as it relates to insured property has been defined by our Supreme Court in the early case of East Texas Fire Insurance Co. v. Clarke, 79 Tex. 23, 15 S.W. 166, 11 L.R.A. 293, as " 'Any right in the nature of property, but less than title. * * * Its chief use seems to designate some right attaching to property, which either cannot or need not be defined with precision.' "

The term "unconditional and sole lawful ownership", as used in this insurance contract, has been defined by the New Jersey courts in the case of Hudson Casualty Ins. Co. v. Garfinkel, 111 N.J.Eq. 70, 161 A. 195, 197, as follows:

"Ownership is sole when no other has any interest in the property as owner, and is unconditional when the title is not limited or affected by any condition."

■ While the certificate of title to said equipment had not been transferred to Hervey Lumber Company under the provisions of the Certificate of Title Act at the time the equipment was damaged, Hervey Lumber Company had unquestionably paid for and acquired some interest in said property from appellant and appellant was not the sole owner of the property at that time.

This distinction is recognized and discussed in the case of Elder Chevrolet Co. v. Bailey County Motor Co., Tex.Civ.App., 151 S.W.2d 938, 942, which involved the sale · of certain automobiles by Elder Chevrolet Company to Bailey Motor Company. Bailey Motor Company made a payment and the Elder Chevrolet Company took promissory notes for the balance of the purchase price, with a chattel mortgage on the automobiles to secure payment of the notes. Elder delivered possession of the cars to Bailey on the date the cash payment was made. No transfer or certificate of title was given by Elder to Bailey. The court in its opinion said:

"There is, however, a valid and subsisting distinction between a sale and a contract to sell. Of the essence of the sale is the present transfer of title to the property to the possessor; of the essence of the contract to sell the present passage of title is not contemplated, but same is to pass in the future.

\* \* \* \* \*

"The transaction of March 18, 1940, between plaintiff and Bailey County Motor Company was insufficient to vest title to the 1939 model Ford in Bailey County Motor Company. For this purpose same was void and ineffective. This does not mean that it was entirely void and ineffective. An ineffective attempt to convey may in some cases be construed as a contract to convey. This transaction in our opinion, was sufficient to bind the plaintiff so far as in its power to take the initial steps necessary to enable Bailey County Motor Company to obtain a certificate of title. \* \* \*"

It is held in the case of Clynch v. Bowers, Tex.Civ.App., 164 S.W.2d 768, that a chattel mortgage lien not noted in the certificate of title in accordance with the provisions of the Certificate of Title Act, was nevertheless valid as between the parties.

It is held in the case of Fulcher v. Hall, Tex.Civ.App., 170 S.W.2d 321, that the purchaser of a second hand automobile who did not procure an assignment and transfer of the certificate of title, did not get the legal title to the automobile, but that he did have a legal right to have the seller obtain and transfer the title to him.

The facts in the case of Borger v. Morrow, Tex.Civ.App., 87 S.W.2d 758, 759, are similar in all material respects to those in the instant case. In that case suit was brought on a fire insurance policy covering an automobile. The provisions of the policy relating to sole and unconditional ownership, or the transfer or termination of the interest of the assured in the property, were almost identical with those in the instant case. Prior to the fire, the assured had entered into a contract for the sale of the automobile and had delivered possession of the car to the purchaser, but had not given him a bill of sale. The fire occurred while the car was in the possession of the purchaser. In holding that the assured's sole and unconditional ownership was affected by the sale, the court said:

"Neither was it essential that title to the automobile pass from appellant to Ayres in order for appellee to avail itself of the unconditional ownership clause of the policy as a defense. A conditional sale or any transaction that affected absolute and

unconditional ownership came within the inhibition of the policy."

The following cases are in accord with the rule above laid down: Whitehead v. Hartford Fire Ins. Co., Tex.Civ.App., 278 S.W. 959; Fire Ass'n of Philadelphia v. Perry, Tex.Civ.App., 185 S.W. 374; Votaw v. Farmers Automobile Inter Insurance Exchange, Cal.Sup., 85 P.2d 872; Sullivan v. Gault, Mo.App. 299 S.W. 1116.

Under above authorities it is apparent, we think, that, although the complete legal title to said equipment had not passed out of the appellant and into Hervey Lumber Company, because of the provisions of the Certificate of Title Act, nevertheless the Hervey Lumber Company had the equitable title and an interest therein and had not only the legal right to the possession thereof, but the legal right to compel the assignment and transfer of the certificate of title thereto. It follows that appellant was not "the unconditional and sole lawful owner" of said equipment, and that there had been "a change in the nature of the insurable interest of the insured" at the time the alleged damages were sustained.

The judgment of the trial court will be in all things affirmed.

Affirmed.